[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12257
Non-Argument Calendar

_____

Agency No. A75-853-538

LINCOLN BANMALLY,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 31, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Lincoln Banmally seeks review of a Board of Immigration Appeals ("BIA")

decision denying his motion to rescind and reissue an order of removal in his case. He argues that reissuance is appropriate because he was denied effective assistance of counsel during his initial appeal. We agree with BIA that Banmally's motion is untimely and does not meet the procedural requirements for such a claim, and thus conclude that the BIA did not abuse its discretion in denying his motion. Accordingly, we affirm the decision below.

*Background*

Banmally, a citizen of Trinidad, was found removable in absentia after he failed to appear for his October 5, 1999 hearing before an Immigration Judge ("IJ"). He filed a motion to reopen and rescind that order of removal on January 21, 2003, arguing that he did not receive adequate notice of the hearing. The IJ denied the motion, finding that Banmally had received proper notice. On April 29, 2005, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Banmally sought our review of the BIA's decision on June 1, 2005. As it was filed more than thirty days after the BIA decision, we dismissed his petition for lack of jurisdiction on June 23, 2005.

On December 23, 2005, Banmally filed a motion to rescind and reissue the final order of removal, arguing that he was unaware of the thirty day filing requirement for appellate review because of ineffective assistance of his former counsel. The BIA denied the motion, noting that Banmally had hired new counsel

2

six months earlier, and concluded that as the motion was untimely, it would not exercise its *sua sponte* discretion to reissue its earlier decision. The BIA further found that Banmally had not met the requirements for a claim based on ineffective assistance of counsel. Banmally seeks review of the BIA decision.

*Standard of Review*

We have jurisdiction over the BIA's decision not to exercise its *sua sponte* authority in favor of Banmally and we review for abuse of discretion. *Anin v. Reno,* 188 F.3d 1273, 1279 (11th Cir.1999).[1] "Judicial review of denials of discretionary relief incident to deportation proceedings . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith,* 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (internal quotation marks omitted).

*Discussion*

Banmally alleges that his former counsel failed to inform him that he was required to appeal the BIA's April 29, 2005 decision within thirty days and that his

---

[1] The Attorney General posits that *Anin* and its progeny stand for the proposition that we lack jurisdiction to review the BIA's decision. In *Anin,* we refer to the BIA's authority as "non-reviewable discretion" in discussing the wide latitude granted to the BIA in such matters. *Anin*, 188 F. 3d at 1279 ("The discretion accorded in this provision is so wide that even if the party moving has made out a prima facie case for relief, the BIA can deny [the] motion" (internal quotation marks omitted)). However, our holding in *Anin* was not on based on a lack of jurisdiction, but upon our finding that the BIA did not *abuse its discretion* in refusing to reopen his claim after the filing deadline had passed.

counsel's mistake denied him the opportunity to seek review of his decision. In order to pursue an ineffective assistance of counsel claim, Banmally was obligated to show prejudice and substantial compliance with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *Dakane v. United States Att'y Gen.,* 399 F.3d 1269, 1274 (11th Cir. 2005). Specifically, Banmally was required to: (1) include an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and any representations made by counsel, (2) demonstrate that his counsel was informed of the allegations leveled against her and be given an opportunity to respond, and (3) have the motion reflect whether a complaint had been filed with disciplinary authorities with respect to any violation of counsel's responsibilities, and if not, why not. *Lozada,* 19 I. & N. Dec. at 639.

Banmally failed to substantially comply with these requirements. While he filed an affidavit discussing his agreement with his former counsel, he does not appear to have notified her of his claim and as he concedes, he has not filed a complaint with the relevant disciplinary authorities. Banmally's claim that his former counsel's error is not sanctionable in Florida or his concern that such a complaint would lead to retaliatory measures is without merit. The *Lozada* requirements provide for an alternative to a formal complaint, namely an explanation for the failure to file a grievance, which Banmally did not include.

4

Thus, even if we were to accept his concerns as valid, we would still find that the *Lozada* requirements were not fulfilled.

In light of the numerous delays between Banmally's appeals, and his failure to comply with *Lozada*, we can not find that the BIA abused its discretion in denying his motion. Accordingly, we affirm.

**AFFIRMED.**