[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16109
Non-Argument Calendar

_____

Agency No. A77-747-399

GIDEON OLUBUNMI TOFADE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 5, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Gideon Olubunmi Tofade seeks review of the Board of Immigration Appeals

(BIA)'s refusal to reopen his final order of removal.  For the reasons that follow,

we deny Tofade's petition.

BACKGROUND

Tofade is a Nigerian citizen who moved to Brazil in 1996. He falsely represented himself as a U.S. citizen to gain entry into the United States on July 1, 2000. He received from the Department of Homeland Security ("DHS")[1] a Notice to Appear, which charged that he was removable as an alien who falsely represented his citizenship for personal benefit under the Immigration and Nationality Act ("INA") INA § 212(a)(6)(C)(ii)(I).

Tofade applied for asylum, withholding of removal under the INA, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On August 3, 2001, the immigration judge (IJ) denied Tofade's application on all counts and ordered that Tofade be removed either to Brazil or Nigeria. Tofade appealed. On July 30, 2002, the BIA affirmed the IJ's decision.

On April 4, 2006, Tofade moved to reopen and remand the case. He asserted that: (1) he had applied for class membership and legalization under *Newman v. U.S. Citizen and Immigration Serv.*, No. 87-4757-WDK (C.D. Cal. Feb.

---

[1] On November 25, 2002, the President signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The Act created the new DHS, abolished the Immigration and Naturalization Services ("INS"), and transferred the INS' functions to the DHS. Although Tofade's removal proceedings occurred while the INS still existed, we refer here to the DHS because Tofade moved to reopen after the INS was abolished.

2

18, 2004) (order approving settlement of class action); (2) he should not be removed or detained because he was prima facie eligible for class membership; and (3) his case with the INS should be reopened pending his application for class membership and legalization. Tofade based his claim for class membership on the following grounds: (1) he, a parent, or a spouse visited an INS office to apply for legalization between May 5, 1987, and May 4, 1988, but was denied legalization; (2) he entered the United States before January 1, 1982 and remained in the country until the date he, a parent, or a spouse was denied legalization; and (3) he was continually present, except for brief and innocent departures, in the United States from November 6, 1986, until the date he, a parent, or a spouse was denied legalization.

On October 23, 2006, the BIA denied Tofade's motion to reopen the order of removal because it was untimely. The BIA also declined to exercise its sua sponte authority to reopen the proceedings under 8 C.F.R. § 1003.2(a). Tofade then timely petitioned this Court to review the BIA's decision.

## DISCUSSION

We have jurisdiction to review "final order[s] of removal" from the IJ or BIA. 8 C.F.R. §1252(a)(1). We have held that §1252(a)(1) also implicitly grants us the authority to review orders denying motions to reopen final orders of removal. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 809 n.2 (11th Cir. 2006). Since the

3

BIA affirmed Tofade's final order of removal, we have jurisdiction to review the BIA's decision. *See id.*

*BIA's Denial of Tofade's Motion to Reopen*

The BIA may reopen proceedings in cases in which it has rendered a decision if a party affected by the decision so moves in writing. 8 C.F.R. § 1003.2(a). The party may file one motion "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ." 8 C.F.R. § 1003.2(c)(2). The statutory ninety-day period "is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). We review for abuse of discretion a BIA decision to deny a motion to reopen. *Abdi*, 430 F.3d at 1150. "Our review is limited to determining 'whether there has been an exercise of administrative discretion [that] has been arbitrary or capricious.'" *Id.* at 1149 (citation omitted).

We do not find arbitrary or capricious the BIA's denial of Tofade's motion to reopen. The BIA affirmed the IJ's order to deport Tofade on July 30, 2002. Tofade waited nearly four years after that date, well beyond the statutory ninety-day period, to move to reopen the proceedings. Accordingly, we find that the BIA did not abuse its discretion by denying as untimely Tofade's motion to reopen.

*BIA's Refusal to Reopen Sua Sponte*

The BIA may also sua sponte reopen proceedings in a case in which it

4

rendered a decision.  8 C.F.R. § 1003.2(a).  We have held that the BIA's discretion is "very broad" and "non-reviewable."  *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999).  Accordingly, we hold that we lack jurisdiction to review the BIA's refusal to exercise its sua sponte authority and reopen Tofade's case.  *See id.* at 1279.

**PETITION DENIED.**