[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15504
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

Agency No. A098-730-411

ANMARY CAROLINA SOCORRO BERMUDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 29, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Anmary Socorro Bermudez, a native and citizen of Venezuela, petitions for

review of the decision of the Board of Immigration Appeals that denied her motion to reconsider. Socorro contends that the Board erred when it refused to reopen her removal proceeding. We deny in part and dismiss in part Socorro's petition.

## I. BACKGROUND

Socorro was admitted in November 2003 as a nonimmigrant visitor. In March 2005, the Immigration and Naturalization Service issued a notice to appear and charged Socorro for staying in the country past the authorized period. INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Socorro conceded removability and filed an application for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Socorro alleged that she was threatened and intimidated after she refused to falsify government payroll documents to pay individuals who supported Hugo Chavez.

The immigration judge ruled that Socorro's application for asylum was untimely and, in the alternative, the application failed on the merits. The immigration judge found that the threats and intimidation did not establish that Socorro suffered past persecution, or the possibility of future persecution or torture, particularly when Socorro remained in the position for several months after the alleged persecution began and she waited more than a year to leave Venezuela. The Board dismissed Soccoro's appeal and her motion for reconsideration.

2

In March 2008, Socorro moved to reopen her immigration proceedings on the basis of a change in conditions in Venezuela. Socorro submitted statements from three acquaintances in Venezuela that Socorro had been harassed and threatened by the Bolivarian Circles. Socorro also submitted several newspaper reports that the Chavez government violated human rights and did not tolerate disagreement with its policies. The Board denied the motion as untimely and ruled that Socorro failed to submit evidence that was previously unavailable to prove that conditions in Venezuela had changed since her original removal hearing.

In July 2008, Socorro moved the Board to reconsider as a "humanitarian act." The Board denied the motion on the basis that Socorro failed to "demonstrate any error" in its previous decision. The Board explained that it lacked "power to grant equitable remedies or to confer general humanitarian relief on aliens" in the absence of evidence that Socorro's removal proceedings were "fundamentally unfair" or that she was denied "a full and fair opportunity to be heard."

## II. STANDARD OF REVIEW

We review the denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007).

## III. DISCUSSION

Socorro challenges the denial of her motion to reconsider on two grounds. Socorro argues that she submitted evidence to establish that conditions were

declining in Venezuela. Socorro also argues that the Board failed to recognize it had authority to sua sponte reopen her removal proceedings, but we lack jurisdiction to consider that argument. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).

The Board did not abuse its discretion by denying Socorro's motion. Socorro argued that the Board overlooked statements and newspaper articles that she submitted with her motion to reopen, but those documents do not establish that conditions have changed in Venezuela. See Calle, 504 F.3d at 1331. In the absence of evidence that conditions in Venezuela had changed since Socorro filed her original application, she was not eligible for an exception to the time limit to file a motion to reopen. See INA § 240(c)(7)(C)(i)-(ii); 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii).

Socorro also complains that the immigration judge and Board failed to consider her request for relief under the Convention, but she failed to petition timely this Court to review the order of removal. An alien must petition for review of an order of removal "no[] later than 30 days after the date of the final order of removal." INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). The order of removal became final on August 24, 2007, when the Board dismissed Socorro's appeal, and her petition for review, filed on January 16, 2009, was untimely. We lack jurisdiction to review the order of removal.

4

## IV. CONCLUSION

We **DENY** the petition challenging the denial of Socorro's motion to reconsider and **DISMISS** the petition challenging the order of removal.

**DENIED IN PART AND DISMISSED IN PART.**