[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11075
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2009
THOMAS K. KAHN
CLERK

Agency No. A079-419-520

ELSA CRISTINA PASCO-RUIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 22, 2009)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Elsa Cristina Pasco-Ruiz petitions through counsel for review of the Board

of Immigration Review's ("BIA") decision denying her motion to reopen her removal proceedings. On appeal, Pasco-Ruiz argues that the BIA abused its discretion by (1) denying the motion as untimely, (2) denying the motion based on the BIA's determination that the immigration judge ("IJ") lacked jurisdiction to adjust her status, and (3) failing to sua sponte reopen her case.

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion. Li v. U.S. Attorney Gen., 488 F.3d 1371, 1374 (11th Cir. 2007). We lack jurisdiction to review a final order of removal when the alien does not file a petition for review in this Court within 30 days of the BIA's decision. 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Attorney Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004). We also lack jurisdiction to review claims not raised before the BIA. Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006). Additionally, we lack jurisdiction to review the BIA's decision to not sua sponte reopen a case. Lenis v. U.S. Attorney Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).

Generally, an alien who is subject to a final order of removal must file a motion to reopen within 90 days of the date when the removal order became final. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). An order of removal entered in absentia, however, may be rescinded upon a motion to reopen filed (1) within 180 days of the date of the order of removal if the alien establishes that

2

her failure to appear was due to exceptional circumstances, or (2) at any time if the alien did not receive proper notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C).

An arriving alien in removal proceedings generally must file an application for adjustment of status with the U.S. Citizenship and Immigration Service ("USCIS") because an IJ lacks jurisdiction over an adjustment of status application. 8 C.F.R. § 1245.2(a)(1)(ii); Scheerer v. U.S. Attorney Gen., 513 F.3d 1244, 1248-49 (11th Cir.), cert. denied, 129 S.Ct. 146 (2008). The only time an IJ has jurisdiction to adjudicate an application for adjustment of status by an arriving alien in removal proceedings is when (1) the alien filed an application for adjustment of status with the USCIS, (2) the alien departed from and returned to the United States pursuant to an advance parole, (3) USCIS denied the application for adjustment of status, and (4) the alien was placed in removal proceedings upon returning to the United States or after USCIS denied the application. 8 C.F.R. § 1245.2(a)(1)(ii).We have held that because an adjustment of status application filed by an arriving alien in removal proceedings cannot be adjudicated during removal proceedings, it is not an abuse of discretion for the BIA to deny a motion to reopen that seeks to reopen removal proceedings in order to apply for an adjustment of status. Scheerer, 513 F.3d at 1254.

Based on the foregoing, we lack jurisdiction to review the BIA's decision to not sua sponte reopen Pasco-Ruiz's case. Additionally, to the extent that Pasco-

3

Ruiz argues that the BIA abused its discretion in denying her February 6, 2002, motion to reopen, we lack jurisdiction because her petition for review was untimely as to the BIA's May 12, 2003, order. We also lack jurisdiction to the extent Pasco-Ruiz argues that the BIA abused its discretion in denying her September 12, 2008, motion to reopen as untimely because Pasco-Ruiz did not argue in her motion to reopen that she failed to receive notice of her January 15, 2002, hearing before an immigration judge ("IJ"). Finally, the BIA did not abuse its discretion in denying Pasco-Ruiz's September 12th motion to reopen based on the fact that the IJ lacked jurisdiction to grant her relief because the IJ lacked jurisdiction to grant Pasco-Ruiz's application for adjustment of status.

Accordingly, we dismiss the petition for review to the extent that it argues that the BIA abused its discretion in finding that Pasco-Ruiz's motion to reopen was untimely. We deny the petition to the extent Pasco-Ruiz argues that the BIA abused its discretion in denying her motion to reopen due to the fact that the IJ lacked jurisdiction to adjust Pasco-Ruiz's status.

**DISMISSED IN PART AND DENIED IN PART.**