[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14563
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2010
JOHN LEY
CLERK

Agency No. A074-289-782


JUAN MANUEL R. VICARIO,

                                                            Petitioner,

                        versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 26, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Juan Manuel Vicario petitions for review of the order by the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") order. The IJ's order denied Vicario's motion to reopen his removal proceedings.[1] No reversible error has been shown; we deny the petition.

In 1996, the IJ ordered Vicario, a native and citizen of Mexico, deported from the United States in absentia after he failed to appear at a hearing. In 2008, Vicario filed a motion to reopen his removal proceedings so that he could have his deportation order rescinded and apply for adjustment of status. He maintained that exceptional circumstances tolled the 180-day filing deadline for motions to reopen orders entered in absentia.[2] The IJ denied the motion, concluding that Vicario adequately was informed of his hearing but failed to attend and that the motion otherwise was untimely.

In dismissing the appeal, the BIA concluded that Vicario's motion to reopen because of exceptional circumstances for failure to appear was untimely. Even if the motion was timely, the BIA concluded that Vicario presented no exceptional

---

[1]The IJ also denied Vicario's later motion to reconsider the denial of the motion to reopen.

[2]Vicario asserted that he had hired a man who purported to be a lawyer to obtain employment authorization for him in the United States. But the man, who was not a lawyer, filed an asylum application on Vicario's behalf without Vicario's knowledge of its existence or contents. Because of the immigration advisor's fraud, Vicario was placed into deportation proceedings.

circumstances; and even if the BIA could equitably toll the filing deadline, Vicario would be unentitled to such tolling. The BIA also concluded the Vicario received adequate notice of his hearing.

On appeal, Vicario argues that it was an abuse of discretion not to reopen his proceedings. He contends that the untimeliness of his motion was excused because of the exceptional circumstances of his immigration advisor's fraud and that he is entitled to equitable tolling of the filing deadline because of later ineffective assistance of counsel he received. We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Attorney Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

A removal order entered in absentia may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996).[3] We have concluded that the 180-day filing deadline is not subject to equitable tolling or other exceptions, even in the case of ineffective assistance of counsel or where the alien acts blamelessly. See Anin v. Reno, 188 F.3d 1273, 1278-79 (11th Cir. 1999); see also Abdi v. U.S.

---

[3]Based on the date of the hearing notice in Vicario's case, former 8 U.S.C. § 1252b (1994), applies.

3

Attorney Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (concluding that petitioner's motion to reopen based on ineffective assistance of counsel, filed after the 90-day deadline in 8 C.F.R. § 1003.2(c)(2), could not be equitably tolled).

Vicario did not file the instant motion to reopen until 12 years after the final order of deportation, well beyond the 180-day period for filing. Thus, we cannot say that the BIA's affirmance of the denial of an untimely-filed motion to reopen was arbitrary or capricious. See id.

And the BIA also abused no discretion in concluding that Vicario was unentitled to exceptions to the filing deadline, even if such exceptions were available to him. Vicario claimed that he did not attend the deportation hearing because he was afraid of what could happen to him, and he did not know what his immigration advisor had done or how it would affect him. Even if the BIA accepted Vicario's motion as timely, a fear of deportation falls short of an exceptional circumstance excusing the failure to attend a deportation hearing. See 8 U.S.C. § 1252b(f)(2) (defining exceptional circumstances as those beyond control of the alien "such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances"). Vicario's proffered reasons for tolling the deadline -- fraud and later ineffective assistance of counsel (which occurred well after the filing deadline) -- do not bear on his failure

4

to attend his hearing and would not entitle him to equitable tolling, even if such tolling was available.

We may not review Vicario's argument that the BIA should have <u>sua</u> <u>sponte</u> reopened his proceedings. <u>See</u> <u>Lenis v. U.S. Attorney Gen.</u>, 525 F.3d 1291, 1294 n.7 (11th Cir. 2008) (we lack jurisdiction to review the BIA's decision not to <u>sua</u> <u>sponte</u> reopen). Although we may have jurisdiction over constitutional claims about the BIA's decision not to exercise its <u>sua</u> <u>sponte</u> power, <u>see</u> <u>id.</u>, Vicario has presented no such constitutional claim. He argues that the deportation order violated due process; but even assuming Vicario suffered a violation at the <u>in</u> <u>absentia</u> deportation hearing, the BIA's application of the filing deadline does not by itself raise constitutional concerns simply because it leaves Vicario without a remedy for vindicating an assumed constitutional injury. <u>See</u> <u>Rodriguez v. Reno</u>, 178 F.3d 1139, 1145 (11th Cir. 1999).

Vicario also argues that the notice he received about his deportation proceedings was inadequate because the notice was not explained to him. He contends that this inadequate notice amounted to a due process violation.

An alien may file a motion to reopen at any time seeking to rescind an <u>in</u> <u>absentia</u> deportation order if "the alien demonstrates that the alien did not receive" proper statutory notice of his hearing. 8 U.S.C. § 1252b(c)(3)(B). Written notice

5

must be given in person to the alien, or if personal service is not practicable, by certified mail, stating the time and place of the proceedings and the consequences of the failure to appear at the proceedings. 8 U.S.C. § 1252b(a)(2). Due process is satisfied if notice is accorded "in a manner 'reasonably calculated' to ensure that notice reaches the alien." See Anin, 188 F.3d at 1278 (citation omitted).

The BIA abused no discretion in concluding that Vicario received adequate notice of the deportation hearing. The government sent the notice by certified mail, return receipt requested, which complied with the statutory requirements. Vicario's own affidavit in support of his motion to reopen acknowledged receipt of the notice, which was printed in both English and Spanish. Because the government complied with the statutory requirements, no due process violation occurred. Vicario's argument that oral notice was required is unavailing. The statute on which Vicario relies, 8 C.F.R. § 242.1(c) (1995) requires oral notice only in the case of personal service, which did not happen -- and was not required -- in this case.[4]

---

[4]Vicario's argument that the lack of oral warnings allows him to reopen his proceedings to apply for adjustment of status is inapposite. The absence of oral warnings is relevant only to the extent that the omission to give them would have permitted Vicario to seek discretionary relief within the five-year period after the in absentia deportation order was entered. See 8 U.S.C. § 1252(e)(1), (5). But more than five years have passed so Vicario could apply for adjustment of status even if he had been given oral warnings. To the extent Vicario sought separately to move to reopen to apply for adjustment of status, the BIA denied his request as untimely. On appeal, Vicario does not challenge the untimeliness determination; and thus, he has abandoned this challenge. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2

PETITION DENIED.[5]

---

(11th Cir. 2005).

[5]We reject Vicario's other arguments that the BIA abused its discretion -- including that the IJ did not grant him a hearing, the IJ and BIA failed to give a thorough analysis of facts and law, and that he initially was not deportable. No requirement exists that a hearing be had on a motion to reopen, and the BIA considered all Vicario's arguments about the denial of his motion to reopen. Vicario does not otherwise provide a basis for granting the requested relief of rescinding the in absentia deportation order. See 8 U.S.C. § 1252b(c)(3)(A), (B).