[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12355
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

Agency No. A072-020-097

AMYN A. HIRANI,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 5, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Amyn Hirani petitions this court for review of the Board of Immigration

Appeals' (BIA) order denying his motion to reopen removal proceedings. Hirani filed the motion nearly ten years after he was granted voluntary departure. The Immigration Judge (IJ), as affirmed by the BIA, denied Hirani's motion to reopen because it was untimely and because of Hirani's efforts to avoid enforcement of the departure order. We deny the petition.

I.

In March 2009, almost ten years after he was granted voluntary departure, Hirani filed a motion to reopen his removal proceedings. Hirani claimed that exceptional circumstances warranted reopening his proceedings because he was unable to depart the United States as he was the sole provider for his two children, who are United States citizens. But Hirani's motion was not filed within 90 days of the IJ's final administrative decision granting voluntary departure. Additionally, Hirani had failed to depart within the time allowed and changed his name to avoid immigration officers. The IJ denied his motion as untimely. Further, the IJ determined that Hirani was not eligible for adjustment of status because he failed to file the proper forms in support of his application and he did not demonstrate *prima facie* eligibility for relief.

Hirani filed a motion for reconsideration, which the IJ denied, reiterating that his motion to reopen was untimely. Though the IJ recognized that he had the

2

power to reopen any case over which he had jurisdiction, he declined to exercise discretion, given that Hirani had not departed as ordered in 1999, had changed his name to avoid detection by immigration officials, and had moved to a different state to avoid enforcement of the voluntary dismissal order. Hirani filed a notice of appeal with the BIA.[1] The BIA affirmed the IJ's ruling. Hirani then filed a petition for review with this court.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Judicial review for abuse of discretion is "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U. S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). The BIA's discretion to reopen "is so wide that even if the party moving has made out a prima facie case for relief, the BIA can deny a motion to reopen a deportation order." *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999) (internal quotation marks omitted). "Generally, motions to

---

[1] Although the BIA construed Hirani's appeal as one from the IJ's denial of his motion to reconsider, rather than from the original motion to reopen, the BIA focused its analysis on the merits of the underlying motion to reopen, ultimately concluding that the motion was untimely and that the case lacked the exceptional circumstances warranting the exercise of its *sua sponte* authority to reopen.

reopen are disfavored, especially in a removal proceeding, where . . . every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

## III.

Hirani seeks review on two grounds. First, he argues that the BIA erred when it incorrectly construed his appeal as one from the motion to reconsider, rather than the original motion to reopen. Second, he argues that his wife's new status as a citizen establishes his *prima facie* eligibility for relief from removal.

A motion to reopen must be filed no later than 90 days after the final administrative decision, *see* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1), but there is an exception in asylum and withholding-of-removal cases. The 90-day limit shall not apply if "based on the changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, "[t]he Board may at any time reopen or reconsider on its own motion any cases in which it has rendered a decision." 8 C.F.R. § 1003.2(a).

The BIA did not abuse its discretion when it affirmed the IJ's decision. Although Hirani argues that his case should be remanded because the BIA incorrectly construed his appeal as one from the IJ's denial of his motion to

4

reconsider, his argument ignores the substance of the dismissal, namely that the circumstances of Hirani's case did not warrant the exercise of the BIA's discretion to reopen.

Hirani's motion was filed almost ten years after he was granted voluntary departure. Additionally, Hirani moved to another state and changed his name to avoid detection by immigration officials. The BIA emphasized that all of the decisions in Hirani's case stemmed from the untimeliness of his original motion to reopen. Thus, Hirani has failed to demonstrate that the BIA's misconstruction of his appeal was prejudicial.

Further, Hirani does not argue that he should be excepted from the 90 day filing period, but that the BIA should exercise its discretion to *sua sponte* reopen his proceedings based on his eligibility for adjustment of status. In essence, Hirani is challenging the BIA's decision not to reopen. We lack the jurisdiction to review that decision. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) (this court lacks jurisdiction to review the BIA's decision not to *sua sponte* reopen). In light of Hirani's efforts to avoid departure and the untimeliness of his motion, the BIA did not abuse its discretion when it denied his appeal.

**PETITION DENIED**.