[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2011
JOHN LEY
CLERK

No. 11-12048
Non-Argument Calendar
_____

Agency No. A098-673-988


JUAN TOMAS MARTIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 20, 2011)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Juan Thomas Martin, a citizen of Guatemala, petitioned *pro se* for review of an order from the Board of Immigration Appeals denying his motion to reopen removal proceedings as untimely.

In May 2006, Martin appealed an Immigration Judge's decision denying his application for asylum and withholding of removal. The BIA subsequently issued two briefing notices—one on March 6, 2007 and one on April 5, 2007. The second briefing notice extended the initial briefing deadline from March 26, 2007 to April 26, 2007. When Martin failed to respond to either notice, the BIA dismissed his appeal as moot, because Martin had apparently abandoned the matter. On November 1, 2010, Martin filed a *pro se* motion to reopen the proceedings with the BIA. The BIA denied Martin's motion to reopen as untimely, noting that Martin failed to satisfy any of the exceptions to the timely filing requirement under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c)(2). The BIA also found no exceptional circumstances warranting reopening of the proceedings sua sponte. Martin appeals this determination.

On appeal, Martin essentially argues that the BIA's dismissal of his appeal as abandoned violated his due process rights, because he sufficiently stated his basis for appeal in his notice of appeal, and because his illiteracy prevented him from understanding the briefing notices. Martin also contends that he

demonstrated exceptional circumstances sufficient to support his motion to reopen. We review each argument in turn.

As an initial matter, this Court lacks jurisdiction to review BIA decisions, unless a petition for review is filed within thirty days of the final order of removal. 8 U.S.C. § 1252(a)(2)(A), (b)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005). Here, the BIA dismissed Martin's appeal as abandoned on September 18, 2007. Martin did not appeal that determination until this year. This being the case, we lack jurisdiction to review the BIA's decision to dismiss the appeal, and therefore dismiss any challenges to the BIA's September 18, 2007 decision, including Martin's due process claims based on the sufficiency of his basis for appeal and his illiteracy. This Court also lacks jurisdiction to review the BIA's refusal to exercise its sua sponte powers to reopen a proceeding. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008). We therefore dismiss any challenges under the BIA's sua sponte power.

As a result of the limits on our jurisdiction, we must limit our review to whether the BIA was required by statute to grant Martin's motion to reopen. "We review the BIA's denial of a motion to reopen for abuse of discretion." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

The BIA did not abuse its discretion by denying Martin's untimely motion

3

to reopen his removal proceedings under 8 U.S.C. § 1229a(c)(7). In general, an alien may file one motion to reopen removal proceedings, provided that the motion is filed within ninety days of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). However, there is no time limit for motions to reopen asylum proceedings "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii). A change in personal circumstances does not satisfy the requirements of changed country conditions. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1258 (11th Cir. 2009).

Martin failed to present any new evidence of changed conditions in Guatemala to support his untimely motion to reopen under § 1229a(c)(7)(C)(ii). While we recognize the difficulty of Martin's personal situation as a father of four children, it does not warrant relief from the ninety-day statutory limit. See Jiang, 568 F.3d at 1258.

**PETITION DISMISSED IN PART, DENIED IN PART.**