[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

No. 11-13539
Non-Argument Calendar
_____

Agency No. A073-115-414

ROMULO JOSE ALVARADO MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 10, 2012)

Before DUBINA, Chief Judge, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Romulo Jose Alvarado Martinez, a native and citizen of Peru, *pro se* petitions for review the Board of Immigration Appeal's ("BIA") order denying his motion to reopen his removal proceedings. In his petition, Martinez argues that the BIA erred by denying his motion to reopen, by failing to consider the facts that (1) he is the father of three U.S. citizen children; (2) a petition made on his behalf by his U.S. citizen wife had been approved by the U.S. Citizenship and Immigration Services ("USCIS"), and he is now *prima facie* eligible to adjust status as a permanent resident under the Immigration and Nationality Act ("INA") § 245(a), 8 U.S.C. § 1255(a); (3) he is not subject to any time bars; (4) he has affected a good moral behavior while living in the United States and is not the subject of any pending criminal proceedings under the INA; and, (5) if his motion to reopen were granted, he would be eligible for prosecutorial discretion pursuant to a presidential order to reopen the proceedings of aliens who have been ordered deported but who have never been the subject of criminal proceedings.

"We review the [BIA's] denial of a motion to reopen removal proceedings for abuse of discretion." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (internal quotation marks omitted). An alien subject to a final order of removal must move to reopen the proceedings within 90 days of the date on which the removal order became final. *Id.*; INA § 240(c)(7)(C)(i), 8 U.S.C.

2

§ 1229a(c)(7)(C)(i). The 90-day time limit does not apply, *inter alia*, "if the alien can demonstrate changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* (quoting 8 U.S.C. § 1229a(c)(7)(C)(ii)). "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in h[is] personal circumstances." Id. The BIA need not address every claim or piece of evidence proferred by the petitioner. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

The BIA has the discretion to reopen a case *sua sponte*, but it reserves this power as an extraordinary remedy for "exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999); 8 C.F.R. § 1003.2(a).

We conclude from the record that the BIA did not abuse its discretion in denying Martinez's motion to reopen as untimely, as Martinez filed his motion to reopen on May 2, 2011, more than ten years after the final administrative order in his deportation proceedings was issued on December 30, 1996, and he did not present evidence of changed country conditions in Peru or satisfy any other regulatory exception to the time bar. INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C). Because his motion was filed more than 90 days after the final

administrative order of removal, the motion was untimely. Furthermore, Martinez's personal circumstances, such as his family situation and lack of criminal behavior, did not satisfy any of the regulatory exceptions to the time bar or justify granting the motion. *Zhang*, 572 F.3d at 1319.

While Martinez contends that he would be eligible for prosecutorial discretion if his motion to reopen were granted, and he makes vague references to a presidential order about reopening the cases of aliens who were ordered deported but not subject to criminal proceedings, he fails to provide a clear legal basis for why we should overturn the BIA's discretionary denial of his motion to reopen.

Finally, regardless of whether Martinez qualifies for an adjustment of status, the BIA has held that a pending adjudication of a status adjustment application by the USCIS does not warrant the *sua sponte* reopening of deportation proceedings, and even if it did, we lack jurisdiction to review the BIA's refusal to exercise its *sua sponte* powers to reopen a proceeding. *Matter of Yauri*, 25 I. & N. Dec. 103, 110-11 (BIA 2009); *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008). Accordingly, we deny Martinez's petition for review.

**PETITION DENIED.**

4