[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14947
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2007
THOMAS K. KAHN
CLERK

Agency No. A76-531-649

JACQUELINE FINLAYSON-GREEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 25, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jacqueline Finlayson-Green, a native and citizen of Jamaica, appeals the

Board of Immigration Appeal's ("BIA") denial of her motion to reconsider its denial of her motion to reopen. In this case, the Immigration Judge ("IJ") ordered Finlayson-Green removed *in absentia*.

## Background

Finlayson-Green was ordered removed *in absentia*, after her counsel advised her not to attend a removal hearing for which Finlayson-Green had received a notice to appear. Finlayson-Green's counsel had filed a motion to change venue, which was denied, and a motion for reconsideration of the denial, which was denied at the hearing. At the removal hearing, the IJ found that Finlayson-Green had received notice of the hearing and had been properly served before ordering her removed *in absentia*.

Finlayson-Green appealed the order to the BIA, arguing the IJ had improperly denied her motion for a change of venue or telephonic appearance. The BIA affirmed without opinion. In October 2005, Finlayson-Green filed a motion to reopen with the BIA through new counsel. In the motion, Finlayson-Green alleged that her previous counsel rendered ineffective assistance of counsel, which resulted in Finlayson-Green's failure to attend the removal hearing, and the failure to properly appeal the *in absentia* removal order to this Court. The BIA denied the motion as untimely and also denied Finlayson-Green's subsequent motion to reconsider.

2

Standard of Review

We review the denial of a motion to reopen for abuse of discretion, and we are limited to "determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam) (citation and quotation marks omitted). Motions to reconsider are also reviewed for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Motions to reconsider and reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (discussing motions to reopen).

Discussion

Finlayson-Green argues that the BIA wrongfully concluded that the untimeliness of her motion to reopen deprived it of jurisdiction over the motion and her subsequent motion to reconsider. Finlayson-Green also argues that the BIA should have applied equitable tolling or reopened her case *sua sponte* .

The BIA did not abuse its discretion by failing to apply equitable tolling to Finlayson-Green's petition to reopen. When an alien fails to appear as directed in a notice of a removal hearing, the alien "shall be ordered removed in absentia" if

3

the government "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Such an order can be rescinded "only" (1) if the alien files a motion to reopen within 180 days of the order's entry and successfully demonstrates that the failure to appear was because of exceptional circumstances, or (2) at any time if the alien demonstrates that she did not receive the notice to appear in accordance with 8 U.S.C. § 1229(a)(1) and (2). 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

Finlayson-Green does not contend that she did not receive notice to appear; instead she admits that she did receive it, but contends that she failed to appear due to the ineffective assistance of her counsel. Finlayson then filed her motion to reopen over 2 years after the BIA issued its decision affirming the IJ's *in absentia* removal order. We have held that the 180-day time limitation is "jurisdictional and mandatory" and cannot be equitably tolled on account of ineffective assistance of counsel. *Anin v. Reno*, 188 F.3d 1273, 1278-79 (11th Cir. 1999) (per curiam). Therefore, the BIA did not abuse its discretion in denying the motion to reopen based on untimeliness.

While we have jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen or reconsider, we hold that the BIA did not abuse its discretion. Decisions not to reopen under § 1003.2(a) are reviewed for an abuse of

4

discretion. *See Anin*, 188 F.3d at 1279. While the BIA may *sua sponte* grant a motion to reopen at any time pursuant to 8 C.F.R. § 1003.2(a), the BIA has wide discretion to deny such a motion, even if the moving party has met its *prima facie* burden to reopen. 8 C.F.R. § 1003.2(a). Under § 1003.2(a), the BIA has the discretion to reopen the proceedings "as it sees fit." *Anin*, 188 F.3d at 1279 (discussing 8 C.F.R. § 3.2(a) a prior version of § 1003.2(a)). Given the untimeliness of Finlayson-Green's motions, we can find no abuse of discretion here.

Upon review of the administrative record and the parties' briefs, we discern no error in the BIA's decisions. The BIA committed no errors of law or fact by denying her motion to rescind and, thus, also did not abuse its discretion in denying the motion to reconsider. Accordingly, we deny the petition for review.

**PETITION DENIED.**

5