[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13629

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A95-220-147
A95-220148

CLARA INES LENIS,
ORLANDO HERRERA,
TATIANA HERRERA,
MARLON ALEXIS HERRERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

Before TJOFLAT and MARCUS, Circuit Judges, and VINSON,* District Judge.

---

* Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

MARCUS, Circuit Judge:

Petitioners Clara Ines Lenis, her husband Orlando Herrera, and their two children Tatiana Herrera and Marlon Herrera (collectively, "Lenis"), petition for review of the Board of Immigration Appeals' ("BIA's") decision denying their motion for a sua sponte reopening of their case, pursuant to 8 C.F.R. § 1003.2(a).[1] On appeal, Lenis claims that the BIA abused its discretion in denying a request to use its sua sponte powers to reopen the underlying proceedings essentially because the agency had issued a precedential decision changing the meaning of the term "particular social group" under the asylum laws. After thorough review, we dismiss the petition for lack of jurisdiction.

The dispositive issue is whether we have jurisdiction to review the BIA's denial of a motion to reopen the underlying immigration proceedings based on its sua sponte authority. We are, of course, always required to address whether we have subject-matter jurisdiction. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005).

This kind of challenge -- asking whether the BIA abused its discretion by refusing to reopen proceedings under 8 C.F.R. § 1003.2(a) -- has previously been before this Court in Anin v. Reno, 188 F.3d 1273 (11th Cir. 1999). However, Anin

---

[1] This regulation, 8 C.F.R. § 1003.2(a), was formerly located at 8 C.F.R. § 3.2(a). For purposes of clarity, we will cite to its current location throughout the opinion.

did not squarely address whether we have jurisdiction in this situation, and in fact, the parties here agree that <u>Anin</u> does not resolve the matter.[2] Today, however, the government contends that we are without jurisdiction. It is, therefore, an issue of first impression that we must resolve.[3]

Ten courts of appeals have held that they have no jurisdiction to hear an appeal of the BIA's denial of a motion to reopen based on its <u>sua sponte</u> authority. <u>See</u> <u>Luis v. INS</u>, 196 F.3d 36, 40 (1st Cir. 1999); <u>Ali v. Gonzales</u>, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam); <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 474-75 (3d Cir. 2003); <u>Doh v. Gonzales</u>, 193 F. App'x 245, 246 (4th Cir. 2006) (per curiam) (unpublished); <u>Enriquez-Alvarado v. Ashcroft</u>, 371 F.3d 246, 248-50 (5th

---

[2]    Indeed, the jurisdictional question was never raised in <u>Anin</u>. Rather, the parties essentially addressed the merits of whether the BIA abused its discretion under the statute, 8 U.S.C. § 1252b(c)(3)(A), by denying Anin's motion to rescind. Petitioner Anin alternatively suggested that the BIA also abused its discretion by not reopening the case <u>sua sponte</u> pursuant to 8 C.F.R. § 1003.2(a), and in so doing, Anin assumed that the Court had jurisdiction to review such a decision. Notably, the government never responded to this argument, and at no point did it so much as suggest that the Court had no jurisdiction to review a BIA decision under 8 C.F.R. § 1003.2(a). Because the jurisdictional question plainly was not raised, "the question is an open one." <u>Fed. Election Comm'n v. NRA Political Victory Fund</u>, 513 U.S. 88, 97 (1994) ("The jurisdiction of this Court was challenged in none of these actions, and therefore the question is an open one before us.").

[3]    Since <u>Anin</u>, this Court's unpublished opinions have reached differing conclusions about whether we have jurisdiction to review the BIA's decision not to reopen based on its <u>sua sponte</u> authority. <u>Compare</u> <u>Tofade v. U.S. Att'y Gen.</u>, 236 F. App'x 526, 528 (11th Cir. 2007) (unpublished) (holding that this Court lacks jurisdiction), <u>Lushaj v. U.S. Att'y Gen.</u>, 197 F. App'x 881, 885 (11th Cir. 2006) (unpublished) (same), <u>and</u> <u>Umana v. U.S. Att'y Gen.</u>, 176 F. App'x 15, 17 (11th Cir. 2006) (unpublished) (same), <u>with</u> <u>Finlayson-Green v. U.S. Att'y Gen.</u>, 228 F. App'x 919, 921 (11th Cir.) (unpublished) (holding that this Court has jurisdiction), <u>cert. denied</u>, 128 S. Ct. 733 (2007), <u>Banmally v. U.S. Att'y Gen.</u>, 199 F. App'x 936, 937 n.1 (11th Cir. 2006) (unpublished) (same), <u>and</u> <u>Rahman v. U.S. Att'y Gen.</u>, 187 F. App'x 962, 965-66 (11th Cir. 2006) (unpublished) (same). Because these opinions were unpublished, however, they have no precedential value. <u>See</u> 11th Cir. Rule 36-2; <u>United States v. Tamari</u>, 454 F.3d 1259, 1262 n.4 (11th Cir. 2006).

Cir. 2004); Harchenko v. INS, 379 F.3d 405, 410-11 (6th Cir. 2004); Pilch v.

Ashcroft, 353 F.3d 585, 586 (7th Cir. 2003); Tamenut v. Mukasey, __ F.3d __,

2008 WL 637617 (8th Cir. 2008) (en banc) (per curiam); Ekimian v. INS, 303 F.3d

1153, 1159 (9th Cir. 2002); Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir.

2003).[4] We agree with our sister circuits and join them in holding that we have no

jurisdiction to entertain this kind of appeal.

It is undisputed that under the Administrative Procedure Act, judicial review

is not available when "agency action is committed to agency discretion by law." 5

U.S.C. § 701(a)(2). The "committed to agency discretion" exception is a "very

narrow exception" that "is applicable in those rare instances where 'statutes are

drawn in such broad terms that in a given case there is no law to apply.'" Citizens

to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971) (quoting S.Rep.

No. 79-752, at 26 (1945)), abrogated on other grounds by Califano v. Sanders, 430

U.S. 99, 105 (1977). The Supreme Court has since explained that "review is not to

be had if the statute is drawn so that a court would have no meaningful standard

against which to judge the agency's exercise of discretion." Heckler v. Chaney,

---

[4]     In an earlier decision, the Ninth Circuit held that it had jurisdiction over a BIA decision under 8 C.F.R. § 1003.2(a). See Socop-Gonzalez v. I.N.S., 208 F.3d 838, 844 (9th Cir.), vacated by 229 F.3d 860 (9th Cir. 2000). But this decision was vacated and when heard en banc, the court did not address the issue. See Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1183 (9th Cir. 2001) (en banc) ("Because we hold that the BIA should have equitably tolled the ninety-day filing period, we do not reach the question whether the BIA should have exercised its sua sponte power to reopen."). Moreover, the Ninth Circuit, after vacating Socop, ultimately held in Ekimian that it had no jurisdiction.

4

470 U.S. 821, 830 (1985).

Neither the statute nor the regulation at issue today provides any "meaningful standard against which to judge the agency's exercise of discretion." Indeed, no statute expressly authorizes the BIA to reopen cases <u>sua sponte</u>; rather, the regulation at issue derives from a statute that grants general authority over immigration and nationalization matters to the Attorney General, and sets no standard for the Attorney General's decision-making in this context. <u>See</u> 8 U.S.C. § 1103(g)(2).[5] Likewise, while the regulation itself, 8 C.F.R. § 1003.2(a), expressly gives the BIA discretion to <u>sua sponte</u> reopen cases, it provides absolutely no standard to govern the BIA's exercise of its discretion.[6] As we observed in <u>Anin</u>:

---

[5]    The statute provides:

The Attorney General shall establish such regulations, prescribe such forms of bond, reports, entries, and other papers, issue such instructions, review such administrative determinations in immigration proceedings, delegate such authority, and perform such other acts as the Attorney General determines to be necessary for carrying out this section.

8 U.S.C. § 1103(g)(2).

[6]    The regulation provides:

The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

8 C.F.R. § 1003.2(a).

5

The provision reposes very broad discretion in the BIA "to reopen or reconsider" any motion it has rendered at any time or, on the other hand, "[to] deny a motion to reopen." [8 C.F.R. § 1003.2(a).] The discretion accorded in this provision is so wide that "even if the party moving has made out a prima facie case for relief," the BIA can deny a motion to reopen a deportation order. Id. No language in the provision requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit.

188 F.3d at 1279; see also Tamenut, 2008 WL 637617, at *3 ("The use of permissive and discretionary language in the first sentence of § 1003.2(a) further supports the inference that the agency action is unreviewable.");

Enriquez-Alvarado, 371 F.3d at 249-250 ("The permissive, 'may,' indicates that reopening the case is not mandatory, but rather within the discretion of the IJ. That is, it implies that the IJ is under no obligation to reopen a case. Were the presence of any circumstance sufficient to compel an IJ to reopen the case, then the plain meaning of 'may' would be contravened.") (citation omitted). Thus, as the Eighth Circuit has recently concluded, "[t]he regulation itself, 8 C.F.R. § 1003.2(a), provides no guidance as to the BIA's appropriate course of action, sets forth no factors for the BIA to consider in deciding whether to reopen sua sponte, places no constraints on the BIA's discretion, and specifies no standards for a court to use to cabin the BIA's discretion." Tamenut, 2008 WL 637617, at *3.

For these reasons, we hold that the BIA's decision whether to reopen

6

proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a) is committed to agency discretion by law. We are, therefore, constrained to conclude that we lack jurisdiction to review the BIA's decision in this case.[7]

Accordingly, the petition for review must be and is **DISMISSED**.

---

[7] We note, in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its <u>sua sponte</u> power. As the Eighth Circuit observed, "[a]lthough this court lacks jurisdiction over Tamenut's challenge to the BIA's decision not to reopen <u>sua sponte</u>, we generally do have jurisdiction over any colorable constitutional claim." <u>Tamenut</u>, 2008 WL 637617, at *4 (citations omitted). However, no constitutional claim is raised today, and we, therefore, have no occasion to examine that question.