**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1169**

GWOR FENG GUO,

                    Petitioner,

          v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 19, 2008        Decided:  October 9, 2008

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

June Zhou, LAW OFFICES OF JUNE ZHOU, LLC, Deerfield Beach, Florida, for Petitioner.  Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Brianne Whelan Cohen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gwor Feng Guo, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his "motion for reinstatement."[*] We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Guo's motion as untimely. See 8 C.F.R. § 1003.2(a) (2008) (setting forth standard of review). Further, to the extent that Guo claims that the Board should have exercised its sua sponte authority to reopen or reconsider, we lack jurisdiction to review this claim. See Lenis v. United States Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008) (collecting cases). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We find that only the Board's denial of Guo's "motion for reinstatement" is properly before this court as he failed to petition this court for review of the Board's previous orders. See 8 U.S.C. § 1252(b)(1) (2000) (setting forth thirty-day appeal period); Stone v. INS, 514 U.S. 386, 405 (1995) (holding that appeal period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms").

2