[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12485
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

Agency No. A029-591-175

JUAN ONOFRE SANDOVAL-CASTILLO,


                                                              Petitioner,


                               versus


U.S. ATTORNEY GENERAL,


                                                              Respondent.



_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 23, 2010)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On May 15, 1989, the former Immigration and Naturalization Service served Petitioner, a native and citizen of Dominican Republic, with an order to show cause why he should not be removed from the United States for remaining here for longer than permitted. On March 11, 2005, an Immigration Judge ("IJ") ordered him removed because he had not filed an application for adjustment of status by the required deadline. Petitioner, represented by counsel, moved the IJ to reopen the proceeding, asserting that he had filed an application for adjustment of status on time. The IJ denied his motion, finding that no such application had been filed.

Following further efforts to reopen, which we refer to in the margin,[1] Petitioner, represented by new counsel, moved the IJ on November 30, 2007, to reopen the proceedings so that Petitioner could apply for adjustment of status. The motion stated that the case should be reopened due to the ineffective assistance Petitioner had received from his previous attorneys. The IJ denied the November 30 motion, finding that it was untimely and that Petitioner had not shown exceptional circumstances that would excuse the late filing.

_____

[1] Petitioner, through counsel, thereafter sought reopening via additional motions. On March 23, 2006, he moved the IJ to reconsider, claiming that he had filed a second motion to reopen in May 2005 and requesting that the second motion be treated as a motion to reconsider. The IJ, after noting that the court's file did not contain a May 2005 motion to reopen, denied the March 23 motion was untimely. His efforts culminated with the November 30, 2007 motion referred to in the text infra.

2

Petitioner appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"). The BIA dismissed his appeal because Petitioner's November 30 motion was untimely and did not articulate any of the exceptions to the 90-day time-limit for filing motions to reopen. The BIA also found that Petitioner failed to establish exceptional circumstances for not filing his motion earlier; even if his previous attorneys' performances were deficient, "the record [did] not establish that [he] exercised due diligence in discovering and seeking to cure the attorneys' alleged deficient performance." Petitioner now petitions this court for review.

In his brief to this court, Petitioner argues that the BIA erred (1) by denying his motion to reopen because he was provided ineffective assistance of counsel by his former attorneys, and (2) by failing to exercise its *sua sponte* authority to reopen his case. Petitioner's first argument fails because his brief does not challenge the reason the BIA gave for denying his motion to reopen, namely, that he did not exercise due diligence in seeking to overcome his prior attorneys' deficient performances. His second argument fails because we lack jurisdiction "to hear an appeal of the BIA's denial of a motion to reopen based on its *sua sponte* authority." *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-93 (11th Cir. 2008).

PETITION DENIED.