[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 10-15136 & 11-11174
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2011
JOHN LEY
CLERK

Agency No. A098-878-797

HANS JOACHIM GUNTHER BRIONES,
AURORA GUILLOT CUARTERO,
a.k.a. Aurora Cuartero Guillot,
ISABEL CRISTINA JULIA GUILLOT,
HANS JOACHIM GUNTHER GUILLOT,
MARIANO GUNTHER GUILLOT,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(October 21, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hans Joachim Gunther Briones, his wife, and their three children, all natives and citizens of Venezuela, seek review of the Board of Immigration Appeals's ("BIA") orders, denying their motion to rescind and reissue a prior order and their two motions to reopen their removal proceedings based on changed country conditions. On appeal, Briones argues that: (1) the BIA erred in denying his motion to rescind and reissue its March 30, 2010 order, which denied his previous motion for reconsideration; and (2) the BIA erred in denying his motions to reopen his removal proceedings on the basis of changed country conditions. After careful review, we deny the petition in part, and dismiss it in part.

As a preliminary matter, we must determine whether we have jurisdiction to review the BIA's decision declining to rescind and reissue its previous order. See Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1292 (11th Cir. 2008). In Lenis, we concluded that we do not have jurisdiction to review the BIA's denial of a motion to reopen based on its sua sponte authority. Id. at 1292-93. In reaching that conclusion, we explained that no statute expressly authorized the BIA to reopen cases sua sponte. Id. at 1293. Rather, the BIA's sua sponte authority derived from "a statute that grants general authority over immigration and nationalization matters to the Attorney

2

General, and sets no standard for the Attorney General's decision-making in this context." Id. Since the statute placed no constraints on the BIA's discretion and provided no meaningful standards "for a court to use to cabin the BIA's discretion," we held that we lacked jurisdiction to review the BIA's decision. Id. at 1293-94 (quotation omitted).

In this case, as in Lenis, no statute expressly authorizes the BIA to rescind and reissue a previous order. Because the BIA's discretion to rescind and reissue an order has no statutory constraints, and there are no standards for cabining the BIA's discretion, we lack jurisdiction to review the BIA's denial of Briones's motion to rescind and reissue a previous order. Id. We therefore dismiss the petition for review as it relates to Briones's motion to rescind and reissue a previous order.

We also reject Briones's argument that the BIA erred in denying his motions to reopen his removal proceedings on the basis of changed country conditions.[1] We review the denial of a motion to reopen a petitioner's removal proceedings for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Our

---

[1] Moreover, to the extent that Briones seeks review of the BIA's refusal to sua sponte reopen his removal proceedings, we dismiss the petition because we lack jurisdiction to review the BIA's denial of a motion to reopen based on its sua sponte authority. See Lenis, 525 F.3d at 1292-93.

3

review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

> Motions to reopen removal proceedings are particularly disfavored, and:
>
> there are at least three independent grounds upon which the BIA may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Id. (quotation and brackets omitted). An alien may generally file only one motion to reopen no later than 90 days after the "final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). These time and numerical limitations, however, do not apply:

> when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings.

Jiang, 568 F.3d at 1256; see also 8 U.S.C. § 1229a(c)(7)(C)(ii). Proving that evidence is material is a "heavy burden," which requires an alien to demonstrate "that, if the proceedings were opened, the new evidence would likely change the result of the case." Jiang, 568 F.3d at 1256-57.

4

Here, the BIA did not abuse its discretion in denying the motions to reopen based on statutory grounds. As the record shows, the BIA concluded that the evidence demonstrated only general conditions in Venezuela since 2008, but otherwise failed to show how those conditions were materially different from those that existed when Briones appeared before the Immigration Judge ("IJ") in 2008. To reach this conclusion, the BIA must have necessarily reviewed the report and news articles that Briones submitted as evidence of changed country conditions. Thus, nothing in the BIA's orders denying Briones's motions for reopening demonstrates that it acted arbitrarily or capriciously when reviewing Briones's evidence. See id. at 1256.

In addition, the record shows that Briones filed his first motion to reopen on June 25, 2010, and his second motion to reopen on November 17, 2010, more than 90 days after the BIA issued the "final administrative order of removal" on August 31, 2009. And, in both motions, Briones failed to establish that conditions in Venezuela had changed since his hearing before the IJ. His motions to reopen were therefore subject to the 90-day deadline for filing such motions, and the BIA did not abuse its discretion in denying the motions as untimely.

Finally, when denying Briones's second motion to reopen, the BIA did not err by stating that none of Briones's proffered evidence referred to Briones or addressed

5

his failure to provide sufficient corroborating evidence of his alleged persecution. Contrary to Briones's contention, the BIA did not rely on the lack of corroborating evidence to deny the motion to reopen. The BIA's decision explicitly stated that Briones's motion was denied because the evidence presented in support of the motion failed to demonstrate that Briones now faces a materially greater risk of harm if returned to Venezuela than at the time of his hearing in July 2008. Accordingly, we deny the petition for review as it relates to Briones's motion to reopen removal proceedings.

**PETITION DISMISSED IN PART, DENIED IN PART.**