[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15221
Non-Argument Calendar

_____

Agency No. A088-800-608

BEATRIZ ELENA ANCHICO OBANDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 15, 2012)

Before DUBINA, Chief Judge, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Petitioner Beatriz Elena Anchico Obando, a native and citizen of Colombia, seeks review of the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings.  The BIA declined to reopen her proceedings *sua sponte* and determined that her motion was untimely because she failed to show changed country conditions sufficient to excuse her late motion.  In her petition for review, she presents two issues that we address in turn.

I.

First, Anchico Obando argues that we should reconsider our decision in *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008)—which held that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority—in light of the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. ___, 130 S. Ct. 827, 175 L. Ed. 2d 694 (2010).  Anchico Obando argues that, under *Kucana*, because no statute expressly states whether the BIA's decision to exercise its *sua sponte* authority is discretionary, the Immigration and Nationality Act ("INA") § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii) does not bar judicial review of such decisions.[1]

---

[1]  Although Anchico Obando indicates that she previously raised a due process claim before the BIA, she does not raise any due process argument in her brief before us.  Thus, it is abandoned.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228, n.2 (11th Cir. 2005)

2

We must first address whether we have subject-matter jurisdiction. *See Lenis*, 525 F.3d at 1292. Under 8 C.F.R. § 1003.2(a), the BIA may *sua sponte* reopen or reconsider any case in which it has rendered a decision at any time, including upon a party's written request. *Lenis*, 525 F.3d at 1293 n.6; *see also* 8 C.F.R. § 1003.2(a). We lack jurisdiction to review the BIA's decision concerning whether to grant a motion to reopen based on its *sua sponte* authority because 8 C.F.R. § 1003.2(a) provides no meaningful standards against which to judge the BIA's exercise of discretion. *See Lenis*, 525 F.3d at 1292-94. Under the prior panel precedent rule, "we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks omitted).

In *Kucana*, the Supreme Court examined 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that no court shall have jurisdiction to review any decision or action by the Attorney General where the authority for the decision or action is specified "under this subchapter" to be in the discretion of the Attorney General. 558 U.S. at ___, 130 S. Ct. at 831; INA § 242(a)(2)(B)(ii), 8 U.S.C.

_____

(providing that, where an appellant fails to offer argument on an issue, the court considers the issue abandoned).

§ 1252(a)(2)(B)(ii). The Court held that § 1252(a)(2)(B)(ii) bars only judicial review of discretionary decisions where Congress itself sets out the Attorney General's discretionary authority in the INA. *See Kucana*, 558 U.S. at ___, 130 S. Ct. at 836-37, 839. The Supreme Court, however, "express[ed] no opinion on whether federal courts may review the [BIA's] decision not to reopen removal proceedings *sua sponte*," noting that "Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law." *Id.* at ___, 130 S. Ct. at 839 n.18.

Because neither this Court sitting *en banc*, nor the Supreme Court's decision in *Kucana*, has overruled *Lenis*, we are bound to follow our prior precedent. Therefore, we conclude that we lack jurisdiction to review the BIA's refusal to *sua sponte* reopen Anchico Obando's removal proceedings, and we dismiss her petition for review to the extent that it raises such a challenge.

## II.

Second, Anchico Obando asserts that she showed "extraordinary circumstances" and changed country conditions sufficient to excuse the untimely filing of her motion to reopen. She contends that, since she left Colombia, the government has continued to fight with the Revolutionary Armed Forces of Colombia ("FARC") and that the FARC has become stronger than before.

4

Anchico Obando further asserts that, because she showed changed country conditions, the BIA abused its discretion by failing to evaluate her motion to reopen as a new application for asylum. She also contends that the BIA failed to properly consider the evidence she presented and denied her motion without rational explanation.

We review the denial of a motion to reopen a petitioner's removal proceedings for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.* Generally, motions to reopen are disfavored. *Id.*

An alien may file one motion to reopen no later than 90 days after the "final administrative order of removal." INA § 240(c)(7)(C)(I), 8 U.S.C. § 1229a(c)(7)(C)(I). However, the time and number limitations for filing motions to reopen do not apply where: (1) the motion seeks asylum, withholding of removal, or CAT relief; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings. *Jiang*, 568 F.3d at 1256; *see also* INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must

5

present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang*, 568 F.3d at 1256-57. A change in personal circumstances does not authorize the untimely filing of a motion to reopen. *See id.* at 1258. Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing the denial of an application for withholding of removal); *see also Jiang*, 568 F.3d at 1258 (noting that the BIA overlooked or inexplicably discounted evidence in adjudicating a petitioner's motion to reopen).

Contrary to Anchico Obando's assertions, a showing of "extraordinary circumstances" does not apply in our analysis of whether a late motion to reopen is excused because of changed country conditions. Further, we conclude from the record that the BIA did not abuse its discretion in denying Anchico Obando's motion to reopen because she failed to show that Colombia's conditions have changed, much less that they have materially worsened, since her 2008 removal proceedings. Finally, the BIA did not arbitrarily or capriciously overlook or discount any of Anchico Obando's evidence in denying her motion to reopen.

For the above-stated reasons, we dismiss the petition in part and deny the

petition in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**