[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15666
Non-Argument Calendar
_____

Agency No. A099-385-022


JOAO AUGUSTO TATAGIBA,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 11, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

        Joao Tatagiba, a citizen of Brazil, seeks review of an order by the Board of

Immigration Appeals denying his motions to reopen removal proceedings and

reconsider its earlier decision. Because Mr. Tatagiba's motions were untimely filed, without any basis for granting an exception to the filing deadlines, we find no abuse of discretion by the Board and, therefore, deny Mr. Tatagiba's petition.

On December 2, 2008, Mr. Tatagiba filed an application for cancellation of an order of removal, arguing that certain exceptional and extremely unusual hardships would befall his children if removed to Brazil. *See* A.R. 231. The Immigration Judge denied the application, and that denial was affirmed by the Board on August 26, 2010. Mr. Tatagiba's first motion for reconsideration was denied by the Board on May 10, 2011. This Court, citing lack of jurisdiction to review the underlying order of removal, dismissed Mr. Tatagiba's petition for review of the Board's denial of the motion for reconsideration. *See Tatagiba v. U.S. Att'y Gen.*, No. 11-12292 (11th Cir. Feb. 8, 2012).

On June 8, 2012, Mr. Tatagiba filed a motion with the Board to reopen the removal proceedings and reconsider its earlier 2011 decision. On October 25, 2012, the Board denied Mr. Tatagiba's motions as untimely. Mr. Tatagiba timely filed the instant petition for review.

In his brief, Mr. Tatagiba cursorily argues that the Board violated his due process rights by improperly applying the law when analyzing his "hardship" claim. Additionally, Mr. Tatagiba argues that a recent policy change within the

2

Department of Homeland Security, allowing for the exercise of prosecutorial discretion to suspend certain deportation proceedings, would beneficially affect the outcome of his proceedings if reopened and reconsidered.

We review the Board's denial of a motion to reopen removal proceedings for an abuse of discretion, *see Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009), and the same standard applied to the Board's denial of a motion to reconsider, *see Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Although the Board has plenary discretion to reopen a proceeding *sua sponte*, we lack jurisdiction to review the exercise of that discretion. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008).

Generally, a motion to reopen must be filed within 90 days of the final administrative removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Exceptions to this time limitation include situations where the motion is filed: (1) to rescind an *in abstentia* removal order due to exceptional circumstances or lack of notice; (2) to apply for relief based on changed circumstances in the applicant's country; (3) with the agreement of all parties; or (4) by DHS when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum. *See* 8 C.F.R. § 1003.2(c)(3)(i)-(iv). A motion to reconsider must be filed within 30 days of the entry of the Board's final decision. *See* 8 U.S.C. § 1229a(c)(6)(B).

Mr. Tatagiba filed his motions to reopen and reconsider on June 8, 2012, in excess of the 30-day limit for motions for reconsideration and the 90-day limit for motions to reopen. Moreover, Mr. Tatagiba did not explain why his untimely motion to reopen should otherwise be permitted under an exception to the statutory limitation. Therefore, both motions were untimely filed and, as such, we find no abuse of discretion in the Board's denials. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999) (finding no abuse of discretion where the Board "simply rejected Mejia's attempts to reopen his deportation proceedings because Mejia's motions to reopen were filed long after the expiration of the time period for filing motions to reopen under the BIA's regulations"). To the extent Mr. Tatagiba requests us to review the Board's failure to reopen the proceedings *sua sponte*, we lack such jurisdiction. Accordingly, we deny Mr. Tatagiba's petition for review.

**PETITION DENIED.**