[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14632
Non-Argument Calendar

_____

Agency No. A074-511-273

THUYEN ANH QUACH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 17, 2019)

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Thuyen Quach, a native of Vietnam, petitions for review of a final order from the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's denial of his motion to reopen his removal proceedings and stay deportation. In his petition, Quach argues that his untimely motion should have been subject to equitable tolling and that the Board erred in determining that he failed to demonstrate his prima facie eligibility for cancellation of removal. We deny the petition for review.

I.

Quach was admitted to the United States as the child of a refugee in June of 1996. On April 22, 2013, the Department of Homeland Security issued a Notice to Appear to Quach alleging that Quach was subject to removal under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). The Notice to Appear alleged that Quach had been convicted twice in Georgia courts for possession of marijuana.

On July 1, 2013, Quach appeared before an Immigration Judge and admitted the factual allegations contained in the Notice to Appear. The Immigration Judge found that Quach was subject to removal, but advised Quach that he might be eligible for certain forms of relief. Quach informed the court that he did not wish to pursue that relief and asked the court to order his removal. The Immigration Judge ordered Quach deported to Vietnam. Quach did not appeal the decision to the Board.

2

On December 19, 2017, Quach filed an emergency motion to stay his removal.[1]  In his motion, Quach attempted to explain his delay in seeking relief by arguing that he had not been "present" at his previous hearing because he was not represented by counsel at the hearing.

On January 9, 2018, the Immigration Judge denied the motion.  In light of the substance of Quach's motion, the Immigration Judge chose to construe the motion as both an emergency motion to stay and a motion to reopen his removal proceedings.  The Immigration Judge concluded that Quach's motion, filed over four years after his initial hearing, was untimely.  The Immigration Judge noted that Quach had been present at his earlier hearing, whether or not he was represented by counsel.  The Immigration Judge stressed that Quach had been informed of his rights and still had "repeatedly asked" for the Immigration Judge to enter an order of removal, despite both the Immigration Judge and the government informing Quach "that he appeared eligible for relief from removal."[2]  The Immigration Judge also concluded that Quach's motion was procedurally deficient because: (1) it not did contain his application for cancellation of removal; and (2) it did not specify which new and material facts would be proven if he were granted a hearing.  The Immigration Judge declined to reopen proceedings sua sponte.

---

[1] Quach was deported to Vietnam shortly thereafter.
[2] The Immigration Judge summarized the prior proceedings, which were recorded via a digital audio recording system.

3

On February 6, 2018, Quach filed an appeal with the Board, arguing that his motion to reopen should not be considered untimely because it presented material facts that were not available at the time of his original proceedings. Those facts included that his mother had been diagnosed with cancer and that his deceased father had served in the United States military. On October 12, 2018, the Board dismissed his appeal. The Board agreed with the Immigration Judge that Quach's petition was untimely and procedurally deficient. The Board also found that Quach had failed to introduce evidence to support prima facia eligibility for the requested relief (such as proof that he had resided in the United States continuously for seven years).

Quach appeals, arguing that he provided "new evidence" of his mother's cancer diagnosis and his father's military service. He argues that the other evidence he provided—such as his permanent resident card, Notice to Appear, and conviction documents—demonstrated that he was eligible for cancellation of removal. Quach also argues that his motion to reopen should have been equitably tolled because he was only 19 years old and without counsel at the time of his master calendar hearing and, therefore, did not understand the nature of the proceedings against him or that a removal order had been issued. Finally, Quach argues that the Board erred because, without a transcript of the hearing, the record

4

failed to show that the Immigration Judge had fully explained his right to apply for certain relief from removal or that he understood the nature of his rights.

## II.

We review the denial of a motion to reopen removal proceedings for abuse of discretion, which is limited to the determination of whether the Board exercised its discretion in a "arbitrary or capricious manner." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (citations omitted). If the Board's decision was based on a legal determination, then we review the decision de novo. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). We review only the ultimate decision by the Board, except to the extent that the Board has expressly adopted the Immigration Judge's opinion or reasoning. *Jiang*, 568 F.3d at 1256 (citing *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001)). We may only review fully exhausted claims, which must have been brought before the Board for consideration. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

## III.

Ordinarily, an alien must file a motion to reopen his removal proceedings within 90 days of the final order of removal. 8 C.F.R. § 1003.23(b)(1); *see also Jiang*, 568 F.3d at 1254. The 90-day filing time limitation on motions to reopen is non-jurisdictional and subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y*

*Gen.*, 713 F.3d 1357, 1363 (11th Cir. 2013) (en banc).  To show that equitable tolling is warranted, an alien must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way.  *Id.* at 1363 n.5.

The Board did not abuse its discretion when it dismissed Quach's appeal from the IJ's denial of his motion to reopen.  First, to the extent Quach exhausted his argument before the Board on timeliness, the Board did not abuse its discretion when it found Quach's motion to reopen was untimely.  Quach's motion was filed over four years after the Immigration Judge's decision ordering his removal to Vietnam—long after the 90-day filing limitation for a motion to reopen had passed.  Before the Board, Quach's sole argument to excuse this delay was that he had come into possession of facts that would warrant reopening under 8 C.F.R. § 1003.23(b)(3).  *See id.* (explaining that a motion to reopen must state the new and material facts to be proven).  But even if we assume that Quach had new evidence, he still does not assert that he qualifies for any of the exceptions to the timeliness requirement.  *See* C.F.R. § 1003.23(b)(4) (explaining that certain claims, such as a claim of changed country conditions when a respondent is seeking asylum, are not subject to the 90-day requirement).  The Board therefore did not abuse its discretion in concluding that Quach's motion was time-barred.

In his petition for review, Quach argues that his motion should have been subject to equitable tolling.  Quach did not make this argument to the Board.  "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga*, 463 F.3d at 1250.  To exhaust a claim, a petitioner must not only raise the "core issue" before the BIA, but "also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (citations omitted).  Because Quach failed to make any discrete arguments regarding equitable tolling, we lack jurisdiction to consider that claim.  We also lack jurisdiction to consider whether the Board erred in declining to reopen Quach's proceedings in its own discretion.  *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) (holding that we lack jurisdiction to review "the BIA's decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a)" as that decision "is committed to agency discretion by law").  We thus must deny his petition.

**PETITION DENIED.**