[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12709
Non-Argument Calendar
_____

Agency No. A088-394-530

NHAN THANH NGUYEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 7, 2020)

Before GRANT, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Nhan Thanh Nguyen, a native and citizen of Vietnam, seeks review of the Board of Immigration Appeals ("BIA") denial of her motion for sua sponte reopening of her removal proceedings. We dismiss the petition for lack of jurisdiction.

## I.

Nguyen was admitted to the United States in 2009 as a non-immigrant visitor with authorization to remain until April 4, 2010. In January 2010, Nguyen's now ex-husband, Tung Van Dinh, filed an application for asylum, in which he included Nguyen and their minor son as derivative applicants. On February 24, 2010, the DHS issued Nguyen a Notice to Appear charging her with removability under 8 U.S.C. § 1227(a)(1)(B) as an alien who had remained in the United States longer than permitted.

In February 2011, Nguyen appeared before an immigration judge ("IJ") with Dinh and their minor son. They conceded their removability and requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture.

In December 2011, Dinh filed an amended application for asylum and withholding based on his political opinion, again including Nguyen and their minor son as derivative applicants and attaching evidence that Nguyen had given birth to a second child in the United States in August 2010. In his December 2011

application, Dinh claimed that after the 1975 "event," the communist Vietnamese government had imprisoned his father for two years, taken away the family's home, and tortured and beat his family because his father had been a police officer with the former regime.  Dinh described his childhood as difficult and impoverished because of his father's affiliation with the former government.  He also alleged that after college, he went to work for a corrupt travel company in Vietnam that was controlled by the communist government.  He claimed that the company was operated as a charitable organization in order to launder money and steal land from the Catholic church and from private citizens, and that when he complained about these practices, he was threatened with death.

The U.S. State Department's 2012 Country Report for Vietnam was included in the record before the IJ.  The 2012 report noted "severe government restrictions on citizens' political rights," corruption in the judicial system and police, and government corruption related to land use.

The IJ denied Dinh's application, concluding that he failed to establish past harm rising to the level of persecution or a well-founded fear of future persecution in Vietnam.  The IJ noted that it was difficult to determine the "real nexus" in Dinh's case; Dinh did not appear to oppose communist politics and he was not being persecuted on account of religion either.

3

Nguyen, Dinh, and their minor son appealed to the BIA.  In July 2014, the BIA dismissed their appeal and affirmed the IJ's decision for the reasons in that opinion.  Nguyen did not seek review of that dismissal in this Court.

In April 2018, Nguyen filed a motion requesting that the BIA reopen her removal proceedings sua sponte.[1]  *See* 8 C.F.R. § 1003.2(a) (giving the BIA the authority, at its discretion, to reopen removal proceedings sua sponte at any time). Nguyen asserted that she came to the United States fleeing persecution from the communist party in Vietnam and feared returning to Vietnam because of the lack of due process for anyone who opposed the government.  Relying on a news article, Ngyuen alleged that 2017 was the worst year in Vietnam for dissidents because 43 human rights activists were arrested and the government was "cracking down" on advocates for human rights and democracy.  Nguyen included with her motion a copy of the U.S. State Department's 2016 Country Report for Vietnam, which noted continued "severe government restrictions of citizens' political rights," including inadequate protection of citizens' due process rights.

The BIA denied Nguyen's motion to reopen, noting that the motion was filed long past the 90-day deadline for a statutory motion to reopen and that Nguyen had not shown a material change in conditions in Vietnam that would excuse the late filing.  *See* 8 U.S.C. § 1229a(c)(7)(C).  The BIA also found that

---

[1] The motion to reopen did not include Dinh or their minor son.

4

Nguyen had not established a prima facie case for the relief she was seeking because she had not adequately explained why she continued to fear persecution in Vietnam. The BIA concluded that nothing in Nguyen's motion presented an exceptional situation that warranted its sua sponte reopening of the proceedings.

## II.

We review our jurisdiction over a petition for review de novo. *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013). We lack jurisdiction to consider an appeal from the BIA's denial of a motion to reopen removal proceedings based on its sua sponte authority. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292–93 (11th Cir. 2008).[2] We also lack jurisdiction to consider any claim that an alien failed to present to the BIA, even if the BIA raises and resolves the issue on its own initiative. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

We lack jurisdiction to review Nguyen's claim that the current conditions in Vietnam constitute "exceptional circumstances" warranting the exercise of the BIA's sua sponte power to reopen her removal proceedings. *Lenis*, 525 F.3d at 1292–93. To extent that Nguyen argues that the BIA should have granted her

---

[2] We have suggested that we may retain jurisdiction to review substantive constitutional claims related to the BIA's refusal to reopen sua sponte. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). But Nguyen raises no such claims here.

motion under 8 U.S.C. § 1229a(c)(7) based on changed country conditions, we lack jurisdiction to review that claim too, because she failed to present it to the BIA. *See Amaya-Artunduaga*, 463 F.3d at 1250–51.

Nguyen's motion did not seek statutory reopening under 8 U.S.C. § 1229a(c)(7), and she did not attach affidavits or other evidentiary material as required for a § 1229a(c)(7) motion. *See* 8 U.S.C. § 1229a(c)(7)(B). Furthermore, Nguyen's motion was not filed within the 90-day time limit for § 1229a(c)(7) motions, and although she attached a news article stating that 2017 was "the worst year for Vietnamese dissidents," she did not argue to the BIA that the article constituted material evidence of changed country conditions or that her motion should be considered timely under § 1229a(c)(7)(C)(ii). Instead, Nguyen's motion specifically requested that the BIA "exercise its sua sponte power under 8 CFR § 1003.2(a) and reopen [her] case." The fact that the BIA chose to consider on its own initiative whether Nguyen satisfied the standard for statutory reopening does not cure Nguyen's failure to exhaust her administrative remedies or our resulting lack of jurisdiction. *See Amaya-Artunduaga*, 463 F.3d at 1250, 1251.

**PETITION DISMISSED.**