[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-14355

Non-Argument Calendar

_____

BAOYU ZHANG,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-561-567

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Baoyu Zhang, proceeding *pro se*, seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming and adopting the Immigration Judge's ("IJ") decision denying his motion to reconsider and reopen his removal proceeding. In his petition for review, Zhang argues that the IJ erred in finding that he was not entitled to equitable tolling of the deadline to file a motion to reopen and by declining to reopen his case *sua sponte*. The government in turn moves for summary disposition, arguing that we lack subject-matter jurisdiction over Zhang's petition because he failed to exhaust his administrative remedies. After review, we grant the government's motion in part and deny it in part.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

As an initial matter, the government is correct that we lack jurisdiction to review the IJ's refusal to exercise his *sua sponte*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

authority to reopen Zhang's removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008) (explaining that neither the regulation granting the agency discretion to reopen proceedings *sua sponte*, 8 C.F.R. § 1003.2(a), nor the statute from which that regulation derives, 8 U.S.C. § 1103(g)(2), provide any "meaningful standard against which to judge the agency's exercise of discretion" (quotation omitted)); *see also Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018) ("Generally we cannot review decisions of the BIA that are committed to its discretion. Thus, we have held on several occasions that we lack jurisdiction to review a decision of the BIA not to exercise its power to reopen a case sua sponte."). Accordingly, summary disposition is appropriate as to this issue. *Groendyke*, 406 F.2d at 1162.

On the other hand, summary disposition is not appropriate as to Zhang's challenge to the IJ's equitable tolling determination. Section 1252(d)(1) of the Immigration Nationality Act provides, in relevant part, that "[a] court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). At the time the government filed the motion for summary affirmance, it was well-established in this Circuit that § 1252(d)(1)'s exhaustion requirement was jurisdictional. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). In other words, "[w]e lacked jurisdiction to consider a claim raised in a petition for review unless the petition ha[d] exhausted his administrative remedies" as to that claim. *Id.* Recently, however, the Supreme Could held that the exhaustion requirement in § 1252(d)(1) is not jurisdictional.

4                    Opinion of the Court                    21-14355

*Santos-Zacaria v. Garland*, No. 21-1436, 598 U.S. __, 2023 WL 3356525, at *5–8 (U.S. May 11, 2023). Accordingly, the government's position is not clearly right as a matter of law and summary disposition is not appropriate as to this claim.

Consequently, we GRANT IN PART the government's motion for summary disposition, and we dismiss the portion of Zhang's petition that challenges the IJ's failure to reopen Zhang's removal proceedings *sua sponte*. We DENY the motion as it relates to Zhang's challenge to the IJ's equitable tolling decision.[2]

**MOTION FOR SUMMARY DISPOSITION GRANTED IN PART AND DENIED IN PART. PETITION DISMISSED IN PART.**

---

[2] The government's motion to stay the briefing schedule is DENIED AS MOOT.