[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10549
Non-Argument Calendar
_____

Agency No. A200-650-885

MOYSES DE ANDRADE MACHADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 30, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Moyses de Andrade Machado, a native and citizen of Brazil proceeding *pro se*, seeks review of an order of the Board of Immigration Appeals ("BIA") denying his second motion to reopen and reconsider.  After careful review, we deny the petition for review.

Machado was ordered removed from the United States for having remained for a time longer than permitted.  During removal proceedings before an immigration judge (IJ), Machado applied for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1).  The IJ found Machado ineligible for cancellation of removal because he had been convicted of an offense that the IJ determined was a crime involving moral turpitude:  grand theft in the third degree, Fla. Stat. § 812.014(1)(a).  *See* 8 U.S.C. § 1229b(b)(1)(C).

In an appeal to the BIA, Machado contended that he was eligible for cancellation of removal due to the "petty-offense exception,"[1] despite his conviction for a crime involving moral turpitude.  On December 13, 2013, the BIA dismissed Machado's appeal.  The BIA disagreed that the petty-offense exception applied but also found that Machado would be ineligible for cancellation of removal even if it did.  Because Machado had not shown that he was eligible, the BIA did not address the other requirements for cancellation of removal, including

---

[1] An alien is eligible to apply for cancellation of removal despite a conviction for a crime involving moral turpitude if the maximum penalty for the crime of conviction did not exceed one year's imprisonment and the actual sentence received did not exceed six months' imprisonment. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

good moral character and whether his removal would result in exceptional and extremely unusual hardship to a United States citizen relative. *See* 8 U.S.C. § 1229b(b)(1)(D).

On January 8, 2014, Machado filed a timely motion to reopen and reconsider the BIA's decision. He contended that the petty-offense exception applied and that his children would suffer hardship due to his removal. On February 6, 2014, the BIA denied the motion to reconsider because the same arguments had been addressed in the BIA's initial decision, and it found no basis to reopen proceedings because Machado had not submitted any new evidence.[2]

On October 1, 2014, Machado filed another motion to reopen and reconsider, largely raising the same arguments as before. The BIA denied the motion on January 12, 2015. As a motion to reconsider, the BIA found that it was untimely and barred by regulation. As a motion to reopen, the BIA found that it was untimely and failed to present new evidence. Finally, the BIA declined to exercise its *sua sponte* authority to reconsider or reopen removal proceedings. *See* 8 C.F.R. §1003.2(a). Machado now brings this petition for review.

We review the BIA's denial of motions to reopen and to reconsider for abuse of discretion. *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007); *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007). We liberally construe

---

[2] Machado petitioned this Court for review of the BIA's February 6 decision. We dismissed the petition for lack of jurisdiction because it was untimely.

pleadings filed by *pro se* parties.  *See Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

A motion to reconsider a final order of removal must be filed within thirty days of the date of the order.  8 U.S.C. § 1229a(c)(6).  Only one motion to reconsider may be filed, *id.* § 1229a(c)(6)(A), and a party may not seek reconsideration of a decision denying a previous motion to reconsider, 8 C.F.R. § 1003.2(b)(2).  "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b)(1).  A motion that simply rehashes arguments previously rejected by the BIA does not present grounds for reconsideration.  *Calle*, 504 F.3d at 1329.

An alien may also file one motion to reopen, which must be filed within ninety days of the date of the final order of removal.  8 U.S.C. § 1229a(c)(7)(C).  A motion to reopen must be "supported by affidavits or other evidentiary material, and it must state new facts that will be proven at a hearing to be held if the motion is granted."  *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006); *see* 8 U.S.C. § 1229a(c)(7)(A)-(B).

The BIA also has authority to reopen or reconsider a case at any time on its own motion.  8 C.F.R. § 1003.2(a).  But because there is no "meaningful standard against which to judge" the BIA's exercise of this discretionary authority, we lack

4

jurisdiction to review the BIA's refusal to reopen or reconsider *sua sponte*. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).

Here, the BIA did not abuse its discretion when it denied Machado's motion for reconsideration. Machado's October 2014 motion was untimely filed well over thirty days after the BIA's February 2014 decision, and he has presented no explanation for the delay. *See* 8 U.S.C. § 1229a(c)(6)(B). To the extent Machado moved to reconsider the BIA's denial of his previous motion to reconsider, he was prohibited by regulation from doing so. *See* 8 C.F.R. § 1003.2(b)(2).

The BIA also did not abuse its discretion when it denied Machado's second motion to reopen, because, like his motion to reconsider, it was untimely, as it was filed well beyond the ninety-day time limit. *See* 8 U.S.C. § 1229a(c)(7)(C). Further, Machado failed to present new facts and new evidence that were not available and could not have been presented at his hearing. As the BIA noted, the psychological report he attached to his motion was available before his underlying merits hearing and had been submitted to the IJ.

Finally, to the extent that Machado's arguments could be construed as challenging the BIA's decision not to reopen or reconsider *sua sponte*, we do not have jurisdiction to review that determination. *See Lenis*, 525 F.3d at 1293-94.

In sum, we **DENY** Machado's petition for review.