[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14269
Non-Argument Calendar
_____

Agency No. A029-147-452

JOSE ADALBERTO DURAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 29, 2016)

Before WILSON, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Jose Adalberto Duran seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen and reconsider its final administrative order of removal.  After thorough review of the record and the parties' briefs, we dismiss the petition, in part, and deny the remainder.[1]

I

On July 22, 2015, Duran filed a motion with the BIA to reopen his removal proceedings, which had resulted in an order of deportation on February 26, 2010. Duran's motion raised two claims:  (1) Duran's due process rights were violated when the immigration judge (IJ) "essentially amended the charging document to include the charge of committing an aggravated felony," and (2) the "petty offense" exception, *see* 8 U.S.C § 1182(a)(2)(A)(ii)(II), should have applied to his prior conviction of unlawful sexual intercourse with a minor because he was sentenced to only 90 days suspended imprisonment and probation.

The BIA characterized the motion as a motion to reconsider its prior order and denied relief on grounds that (1) whether characterized as a motion to reopen or a motion to reconsider, it was time-barred; (2) it failed to identify errors of law or fact that warranted reconsideration of the earlier order; (3) Duran did not offer any new, material, previously unavailable evidence; (4) all the claims raised could have been brought previously; and (5) no extraordinary circumstances warranted

---

[1] As we write for the parties, we set out only what is necessary to address Duran's arguments.

exercise of the BIA's sua sponte authority to reopen proceedings or reconsider the order.  Duran then filed the present appeal.

Duran argues that the BIA abused its discretion in denying his motion because (1) his due process rights were violated by the IJ's erroneous amending of the Notice to Appear; (2) the proceedings before the IJ were biased; (3) he is now eligible for adjustment of status; (4) the IJ made erroneous factual findings; (5) both the IJ and BIA overlooked his eligibility for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment; and (6) although his motion is untimely, the doctrine of laches and equitable estoppel prevent his deportation because the government engaged in misconduct when it delayed twenty years in processing his asylum claim. Additionally, Duran moved to stay removal pending review.  The Attorney General moved to dismiss in part and summarily deny the remainder.  We denied Duran's motion to stay removal and carried the government's motion to dismiss in part with the case.

## II

"We review [our] subject matter jurisdiction de novo."  *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam). "[W]e retain jurisdiction over constitutional claims and questions of law raised in a petition for review."  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016);

*see* 8 U.S.C. § 1252(a)(2)(D).  However, we lack jurisdiction to review the BIA's exercise or non-exercise of its sua sponte authority, *see Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008), or those claims not properly exhausted through the administrative process, *see* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  The exhaustion requirement applies to those constitutional claims for which the BIA can provide a remedy.  *See Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003).

## III

Duran's appeal raises no claim upon which we may grant relief.  Although we would ordinarily have jurisdiction to review Duran's due process argument because it is a constitutional claim, we lack jurisdiction here because Duran's constitutional claim is of the type that the BIA could have remedied had the claim been properly exhausted.  If Duran had raised his due process claim on direct appeal to the BIA in 2008, then the BIA could have evaluated its merits and determined whether the IJ erred in accepting the additional charges of removability contained in Form I-261.  However, Duran did not exhaust this claim—he raised it for the first time in the motion to reopen or reconsider.  Consequently, we lack jurisdiction to review it today.  *See id.*

All the other arguments raised in Duran's brief—including, *inter alia*, his eligibility for relief due to the doctrine of laches, equitable estoppel, or the IJ's

brusque manner—were not but could have been brought either on direct appeal before the BIA or in Duran's motion to reopen.  Although Duran describes these arguments in his brief as part of his due process claim, Duran cannot amend his motion through argument made in his brief.  *Cf. Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013).  Accordingly, Duran did not properly exhaust these claims and we lack jurisdiction to review them here.  *See Amaya-Artunduaga*, 463 F.3d at 1250.

Additionally, Duran argues about eligibility for deferral of removal under 8 C.F.R. § 1208.17(a), but he never raised that issue before this appeal.  Therefore, the claim was not properly exhausted and we lack jurisdiction to address it.  *See Amaya-Artunduaga*, 463 F.3d at 1250.

Lastly, Duran provided no briefing on the petty offense exception.  We therefore treat this claim as waived on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

Thus, Duran's petition is **DISMISSED IN PART and DENIED IN PART.**