[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15427
Non-Argument Calendar
_____

Agency No. A094-889-030

SULARDY GONZALEZ,
FRANCISCO JAIME ROCHA MARTIN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 19, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Sulardy Gonzalez seeks review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen its final order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment on behalf of herself and her then-husband Franscisco Rocha.  She argues that the BIA abused its discretion by denying her motion as time- and number-barred without considering whether equitable tolling applied.  She also argues that the BIA abused its discretion by not exercising its authority to reopen her case *sua sponte*.

## I.

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id.*

We review *de novo* our subject matter jurisdiction.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  We lack jurisdiction to review final orders in immigration cases unless "the alien has exhausted all administrative remedies available to the alien as of right."  Immigration and Nationality Act ("INA") § 242(d)(1), 8 U.S.C. § 1252(d)(1).  If a petitioner has failed to exhaust her administrative remedies by not raising an issue before the BIA, we lack jurisdiction

to consider the claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

We may grant a petition for review, vacate an agency decision, and remand for further proceedings if the agency's decision is "so lacking in reasoned consideration and explanation that meaningful review [is] impossible." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015). In a reasonable consideration inquiry, we look "to ensure that the IJ and the BIA considered the issues raised and announced their decisions in terms sufficient to enable review." *Id.* A claim that a BIA decision lacked reasonable consideration does not need to be exhausted before the BIA, because the claim cannot exist until after the BIA issues its ruling. *See id.* at 1299. However, the BIA does not err by not considering an argument the petitioner does not make before it. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 802 (11th Cir. 2016) (noting in the context of a reasoned consideration challenge that "it is hard to understand how [Jeune] can fault [the agency] for its failure to intuit an argument he never made").

Generally, an alien may only file one motion to reopen, and it must be filed within 90 days of the date of the BIA's final administrative removal order. *See* INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The 90-day deadline is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1364 (11th Cir. 2013) (*en banc*). Equitable

3

tolling requires a litigant to show that she has been pursuing her rights diligently and that some extraordinary circumstance stood in her way.  *Id.* at 1363 n.5.

Here, the BIA did not abuse its discretion in concluding that the motion to reopen was time- and number-barred because Gonzalez filed the motion more than seven years after the BIA's removal order became final and it was her second motion to reopen.  Further, the BIA did not err by not considering whether these limits should be equitably tolled because Gonzalez did not make that argument before it.

## II.

The BIA may at any time reopen *sua sponte* any case in which it has rendered a decision.  8 C.F.R. § 1003.2(a).  Generally, the decision to reopen *sua sponte* is committed to agency discretion, which is so wide and standardless that it is not reviewable.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).  We do, however, retain jurisdiction to address constitutional claims that are raised.  *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).

Here, we do not have jurisdiction to review Gonzalez's argument that the BIA should have exercised its authority to reopen her case *sua sponte* because it is a decision committed to agency discretion.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

4