[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14393
Non-Argument Calendar
_____

Agency No. A097-959-133

LINA ASTRID ALVAREZ PEMBERTHY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 4, 2019)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lina Astrid Alvarez Pemberthy ("Petitioner"), a native and citizen of Colombia, petitions for review of the Board of Immigration Appeal's ("BIA's") final order denying Petitioner's motion to reopen and to terminate her removal proceedings. Briefly stated, Petitioner contends that her defective notice-to-appear ("NTA") deprived the Immigration Judge ("IJ") and the BIA of subject-matter jurisdiction over her removal proceedings. No reversible error has been shown; we deny the petition in part and dismiss it in part.

In 2004, the Immigration and Naturalization Service issued Petitioner an NTA charging her as removable for being an alien without a valid entry or travel document and for having attempted to enter the United States with a fraudulent visa. The NTA ordered Petitioner to appear before an IJ in Pompano Beach, Florida, at a date and time "to be determined." Petitioner was later notified in writing of the time and date of her scheduled removal hearings and attended those hearings with her lawyer.

At her initial hearing, Petitioner testified that her NTA had been served properly, admitted the allegations in the NTA, and conceded removability. Petitioner said, however, that she intended to apply for asylum and for withholding of removal.

2

Following a merits hearing on Petitioner's application for relief, the IJ denied Petitioner asylum, withholding of removal, and relief under the United Nations Convention Against Torture.  The IJ then ordered Petitioner removed to Colombia.  The BIA dismissed Petitioner's appeal on 12 September 2007.  Petitioner remained in the United States.

Over a decade later, Petitioner moved to reopen and to terminate her removal proceedings in the light of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018).  Because Petitioner's NTA failed to specify the date and time of her hearing, Petitioner argued that the NTA failed to vest the IJ or the BIA with jurisdiction over her removal proceedings.  About timeliness, Petitioner asserted that Pereira constituted an extraordinary circumstance that warranted equitable tolling of the 90-day time limit applicable to motions to reopen.  In the alternative, Petitioner also asked the BIA to exercise its sua sponte authority to reopen her case based upon Pereira.

The BIA denied Petitioner's motion.  The BIA explained that -- even if it deemed Petitioner's motion as timely filed -- Petitioner was unentitled to relief because she had conceded the allegations in the NTA and was found removable as charged.  The BIA also determined that Petitioner's argument was foreclosed by

3

the BIA's decision in <u>Matter of Bermudez-Cota</u>, 27 I. & N. Dec. 441 (BIA 2018). The BIA declined to exercise its <u>sua sponte</u> authority to reopen the proceedings.

While Petitioner's petition was pending in this Court, we issued our decision in <u>Perez-Sanchez v. U.S. Att'y Gen</u>., 935 F.3d 1148, 2019 U.S. App. LEXIS 24907 (11th Cir. Aug. 21, 2019).  Like the Petitioner here, Perez-Sanchez argued -- relying on <u>Pereira</u> -- that the IJ lacked jurisdiction over Perez-Sanchez's removal proceedings because his NTA failed to include the time or date of his removal hearing, in accordance with 8 U.S.C. § 1229(a)(1) and 8 C.F.R. § 1003.14(a). <u>Perez-Sanchez</u>, 2019 U.S. App. LEXIS 24907, at *2.  We rejected this argument. We concluded that the requirement that the NTA specify the time and date of a removal hearing constituted a claim-processing rule: not a jurisdictional rule.  <u>Id</u>. at *14-15.  Thus, even though Perez-Sanchez's NTA was defective under 8 U.S.C. § 1229(a)(1) and 8 C.F.R. § 1003.14(a), the defect did not deprive the IJ or the BIA of jurisdiction over the removal proceedings.  <u>Id</u>. at *2, 19-20.

No material difference exists between the circumstances involved in Petitioner's case and the circumstances involved in <u>Perez-Sanchez</u>.  Petitioner's jurisdictional argument is thus foreclosed by our binding precedent.  We deny that part of the petition.

4

Petitioner also seeks to challenge the BIA's refusal to <u>sua sponte</u> reopen her removal proceedings based on <u>Pereira</u>.  We have said, however, that we lack jurisdiction to review the BIA's decision about whether to exercise its <u>sua sponte</u> authority to reopen or to reconsider a case.  <u>See Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1293-94 (11th Cir. 2008).  Accordingly, we dismiss Petitioner's petition on this issue for lack of jurisdiction.

PETITION DENIED IN PART AND DISMISSED IN PART.