[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10568
Non-Argument Calendar
_____

Agency No. A215-827-332

MD FARHAD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 22, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

MD Farhad seeks review of the Board of Immigration Appeals's ("BIA")

order denying his motion to reopen his immigration proceedings.  Specifically,

Farhad asks us to review the BIA's denial of his argument that the Immigration

Judge ("IJ") lacked jurisdiction over his removal proceedings under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  The government moves for summary denial of his petition for review, arguing that we lack jurisdiction to address the merits of Farhad's petition for review and, in the alternative, that his challenge is foreclosed by our precedent.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the BIA's denial of a motion to reopen for an abuse of discretion, and any underlying legal determinations *de novo*.  *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).  Review of the denial of a motion to reopen is limited to determining whether there has been an exercise of administrative discretion and whether that exercise was arbitrary or capricious.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  "Motions to reopen in removal proceedings are particularly disfavored."  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  However, we do not have jurisdiction to review the BIA's decision denying

a petitioner's motion for *sua sponte* reopening.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292, 1294 (11th Cir. 2008).

In *Pereira*, decided in 2018, the Supreme Court analyzed whether a notice to appear ("NTA") that did not specify the time and place of an alien's removal hearing triggered the stop-time rule for cancellation of removal and therefore ended the alien's continuous physical presence in the United States.  *See Pereira v. Sessions*, 138 S. Ct. 2105, 2109-10 (2018).  The Supreme Court held that a putative NTA that failed to designate the specific time or place of the alien's removal proceedings was not a "notice to appear" under 8 U.S.C. § 1229(a) and, therefore, did not trigger the stop-time rule.  *Id.* at 2110, 2113-14.  The Court explained that failing to specify "integral information like the time and place of removal proceedings unquestionably [deprives] [the NTA] of its essential character."  *Id.* at 2116.

After *Pereira*, the BIA issued a published decision holding that an NTA that did not specify the time and place of an alien's initial removal hearing nevertheless vested the IJ with jurisdiction over the removal proceedings and met the requirements of 8 U.S.C. § 1229(a)(1), so long as a notice of hearing specifying this information was later sent to the alien.  *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018).  In its decision, the BIA noted both the long history of NTA's that lacked time and place specifications and how the Supreme Court in

3

*Pereira* addressed only a narrow question regarding the stop-time rule, and it remanded the case for further proceedings, indicating that there was jurisdiction over the case. *Id.* at 443-47.

Recently, in *Perez-Sanchez*, however, we concluded that, when an NTA failed to specify the time of the hearing, it violated 8 U.S.C. § 1229(a). *See Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153-57 (11th Cir. 2019). But we determined that such a rule was only a claim-processing rule, rather than a jurisdictional rule. *Id.* Because the rule was not jurisdictional, its violation did not deprive the agency of jurisdiction. *Id*. at 1154-55. Turning to 8 C.F.R. § 1003.14, which provides when jurisdiction vests with the immigration judge, we reasoned that it too was a claim-processing rule. *See id*. at 1155-57. Thus, even if the NTA failing to specify the time of the hearing rendered it deficient under the regulations, the agency still properly exercised jurisdiction. *Id.* We also noted that the regulations did not require the NTA to contain the time, date, and location of the removal hearing. *Id*. 1155 (citing 8 C.F.R. § 1003.15).

As an initial matter, we do not have jurisdiction to review the BIA's decision denying Farhad's motion for *sua sponte* reopening. *Lenis*, 525 F.3d at 1292, 1294. Even if we could address the merits of Farhad's petition, our decision in *Perez-Sanchez* forecloses Farhad's arguments. *See Perez-Sanchez*, 935 F.3d at 1153-57. Indeed, we held that an NTA's failure to specify the date and time of a

hearing does not divest the IJ of jurisdiction. *Id.* Thus, Farhad's arguments on appeal would be foreclosed by our prior precedent. *Id.*

Therefore, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary denial of Farhad's petition for review. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.