[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11505
Non-Argument Calendar
_____

Agency No. A208-117-093


MARTHA LIDIA GUTIERREZ-CASTRO,
G. L.Y. M.,
M.M.M.G.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 29, 2020)

Before JORDAN, NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Martha Lidia Gutierrez-Castro and her two daughters seek review of the Board of Immigration Appeals's (BIA) decision affirming the denial of Gutierrez-Castro's motion to reopen her removal proceedings *sua sponte*.  On July 30, 2015, Gutierrez-Castro appeared *pro se* at a master hearing before the Atlanta Immigration Court.  The immigration judge (IJ) found that she failed to demonstrate eligibility for relief and ordered her and her children removed to Guatemala.  Of critical importance to this appeal, Gutierrez-Castro did not appeal that decision to the BIA.  Instead, nearly four years later, she filed a "Motion to Reopen Removal Proceedings Pursuant to *Sua Sponte* Authority" with the Atlanta Immigration Court.  The IJ denied her motion, and on appeal, the BIA affirmed. Gutierrez-Castro now seeks review of that order before us.

She makes three arguments in her petition for review.  First, she contends that the IJ from her 2015 hearing denied her due process by failing to provide her with a list of free legal services.  Second, she argues that the same IJ violated her right to a fair hearing because the judge was unfair and biased.  And third, she says that the BIA's decision affirming the denial of her motion to *sua sponte* reopen her removal proceedings violated due process because it failed to give sufficient weight to the statements in her motion.

2

Whatever the merits of Gutierrez-Castro's claims, we lack jurisdiction to decide them. Two principles control here. First, we lack jurisdiction to review final orders in immigration cases unless "the alien has exhausted all administrative remedies available to the alien as of right." Immigration and Nationality Act § 242(d)(1), 8 U.S.C. § 1252(d)(1). If a petitioner has failed to exhaust her administrative remedies by not raising an issue before the BIA, we lack jurisdiction to consider the claim. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Second, the denial of a motion to reopen removal proceedings *sua sponte* is unreviewable because it is committed to agency discretion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008).

Gutierrez-Castro's first two arguments are unexhausted challenges to the IJ's 2015 decision. She did not appeal that decision to the BIA, so we have no power to decide her challenges now. It does not change matters that Gutierrez-Castro couches her arguments in constitutional terms. To be sure, we've said that some constitutional challenges do not require administrative exhaustion. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867–68 (11th Cir. 2018). But others do. "Where the claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force." *Id.* at 868 (quoting *Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003)). Thus, "[w]here a procedural due process claim falls within the immigration courts' power to review and provide a

remedy, the claim must be exhausted before it can be considered by this Court."
*Bing Quan Lin*, 881 F.3d at 868. Gutierrez-Castro's claims are precisely the sort of due process claims that the BIA could have considered: They challenge the fairness of the procedures that the IJ accorded her during her 2015 hearing and do not raise "a larger challenge to the immigration process beyond the power of the BIA to address." *Id.* Because her claims are unexhausted, we lack jurisdiction to consider them.

Gutierrez-Castro's third argument challenges the BIA's denial of her motion to reopen *sua sponte*. But that decision is committed to agency discretion, and thus is unreviewable.

For the foregoing reasons, we dismiss the petition for lack of jurisdiction.

**PETITION DISMISSED.**