[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11519
Non-Argument Calendar

_____

Agency No. A209-391-133

MARIE JOSEE DAMIS CLERVEAUX,
a.k.a. MARIE JOSEE DAMIS CHEVEREAUX,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 30, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Marie Josee Damis Clerveaux, a native and citizen of Haiti proceeding *pro se*, seeks review of the Board of Immigration Appeals' (BIA) final order denying her motion to reconsider its prior order, which dismissed her appeal from the Immigration Judge's (IJ) final removal order as untimely.  She asserts the BIA erred in denying her motion to reconsider.  She contends she was denied due process because her appeal was not heard due to a procedural error, and that she should be granted equitable tolling to correct the error.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion.  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).  Our review is limited to determining whether the BIA exercised its discretion arbitrarily or capriciously.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

A petitioner can appeal the IJ's removal decision to the BIA within 30 days from the date of the oral decision.  8 C.F.R. §§ 1003.3(a)(1), 1003.38(b).  However, "[a]n appeal is not properly filed unless it is received at the [BIA], along with all required documents" within the 30-day deadline.  *Id.* §§ 1003.3(a)(1), 1003.38(b).  Accordingly, the BIA "may summarily dismiss any appeal" that is "untimely."  *Id.* § 1003.1(d)(2)(i)(G).

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C).  A motion to reopen, in turn, "shall state the new facts that will be proven at a hearing

2

to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).

Clerveaux's challenge to the denial of her motion to reconsider fails for several reasons. First, this Court only has jurisdiction over the BIA's order denying her motion to reconsider because she did not file a petition for review from the BIA's prior order dismissing her appeal of her removal order as untimely. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (noting the 30-day deadline to file a petition for review with us is mandatory, jurisdictional, and not subject to equitable tolling). Accordingly, we lack jurisdiction to consider her arguments regarding her due process and equitable tolling claims as they relate to the underlying removal order. *See id.* Second, even though Clerveaux contends this Court has jurisdiction to review the BIA's denial of a motion to reopen *sua sponte*, neither her motion nor the BIA's order addressed reopening *sua sponte*. Nevertheless, this Court lacks jurisdiction to review the BIA's conclusion that *sua sponte* reopening is unwarranted. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008).

Third, the BIA did not abuse its discretion in concluding that Clerveaux's claim of ineffective assistance of counsel did not support reconsideration or reopening. Even though Clerveaux's motion was based on a claim of ineffective counsel because she was proceeding *pro se* when she initially appealed to the IJ,

3

the fact she did not have counsel necessarily means that she did not meet the requirements for a motion to reopen or reconsider based upon a claim of ineffective assistance of counsel.

Clerveaux did not specify any errors of law or fact in the BIA's previous order denying her appeal as untimely. 8 U.S.C. § 1229a(c)(6)(C). For example, she admits that her appeal was untimely, so she did not specify any error in fact in that finding. Further, even though she noted the BIA may reconsider its own decision and consider equitable tolling, she did not claim any error in law regarding the BIA's previous order because those decisions are within the BIA's discretion. *See Assa'ad*, 332 F.3d at 1340-41. Finally, although she stated new facts explaining why her appeal was untimely, those new facts do not change the fact it was untimely. Thus, the BIA did not abuse its discretion in denying Clerveaux's motion.

Accordingly, for the above reasons, we dismiss her petition in part and deny in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**